## THE NUESTRA SEÑORA DE REGLA.

1. In prize cases, wherever it appears that notice of appeal or of intention to appeal to this court was filed with the clerk of the District Court within thirty days next after the final decree therein, an appeal will be allowed to this court whenever the purposes of justice require it.

2. Counsel fees before a commissioner on the settlement of damages on an award of restitution, disallowed as excessive and unwarranted.

3. A Spanish-owned vessel on her way from New York to Havana put in distress, by leave of the admiral commanding the squadron, into Port Royal, S. C., then in rebellion, and blockaded by a government fleet, and was there seized as prize of war and used by the government. . . . She was afterwards condemned as prize, but ordered to be restored. She never was restored. Damages for her seizure, detention, and value being

awarded. *Held*, that clearly she was not lawful prize of war or subject of capture; and that her owners were entitled to fair indemnity, though it might be well doubted whether the case was not more properly a subject for diplomatic adjustment than for determination by the courts.

APPEAL from the District Court for the Southern District of New York.

The steamer Nuestra Señora de Regla, then recently built in New York for a Spanish corporation doing business in Cuba, and owned by it, was on her way, November, 1861, to Havana. On her voyage thither, being in distress and want of coal, she put into Port Royal, near Charleston, S. C. (then in rebellion against the United States, and blockaded by a government squadron), under permission of the admiral in command. She was here seized November 29th, 1861, as prize of war, and used by the government till June, 1862; when she was brought to New York and condemned in prize. On the 20th of June, however, in the following year (the United States in the meantime using the vessel), a decree of restitution was ordered. The vessel, however, never was restored. The case being referred to a commissioner to ascertain the damages for the seizure and detention, he made a report on the 10th of May, 1871, in which he awarded—

| | |
|---|---:|
| For the use of the vessel from November 29th, 1861, up to and including June 20th, 1863, being 568 days, with interest at the rate of six per cent. per annum to the date of his report, . . . . | $167,370 66⅔ |
| For expenses and services of claimant's agent in remaining with and attending to said vessel, . . | 5,680 00 |
| *For counsel fees in defending the proceedings*, . . | 5,000 .00 |
| For the value of the vessel when she shall have been restored, at the rate of six per cent., with interest, | 36,833 33⅓ |
| Total, . . . . . . . | $214,884 00 |

Several exceptions (not necessary to be specified, as they were not passed on by this court) were taken to this report by the government, but on the 28th of October, 1871, the exceptions were overruled and the report confirmed, and final judgment rendered against the libellants and captors for said sum, together with $6086.84, interest thereon from

the date of the report to the date of this decree, the sum as finally decreed amounting, in all, to $220,970.84.

On the 7th of November, 1871, the United States filed with the clerk of the District Court at New York, notice that the libellant "appeals to the Supreme Court of the United States from the decree made in the said action on the 28th of October, 1871," and the case was now here, and a notice of the appeal served by copy on the proctor for the claimants, on the 17th of the same month. On the 17th of February, 1872, the appeal was allowed by Mr. Justice Swayne, of the Supreme Court, at Washington, and the claimants cited to appear before said court on the 21st of March, 1872.

The questions were argued in this court:

1st. Whether the court had jurisdiction?

2d. If it had, how the case stood on merits?

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, for the appellants; Mr. W. M. Evarts and C. Donohue, contra*

The CHIEF JUSTICE delivered the opinion of the court.

In prize cases, wherever it appears that notice of appeal, or of intention to appeal, to this court was filed with the clerk of the District Court within thirty days next after the final decree therein, an appeal will be allowed to this court whenever the purposes of justice require it. An appeal is accordingly allowed in this case, under the second section of the act of March 3d, 1873, making appropriations for the naval service, and for other purposes.

The decree of the District Court included the sum of $5000, for counsel fees. We think that the amount was greatly excessive, and the allowance of counsel fees wholly unwarranted.

It is clear that the vessel was not lawful prize of war or subject of capture, and the corporation which owned her is doubtless entitled to fair indemnity for the losses sustained by the seizure and employment of the vessel; but it may be

well doubted whether it is not more properly a subject of diplomatic adjustment than of determination by the courts.

For the errors in the decree already indicated, it is RE-VERSED, and the cause is

REMANDED FOR FURTHER PROCEEDINGS.