REED v. GARDNER.

In passing upon the questions presented in a bill of exceptions this court will not look beyond the bill itself. The pleadings and the statements of the bill, the verdict and the judgment are the only matters that are properly before it. Depositions, exhibits, or certificates not contained in the bill, cannot be considered by the court. The court declares its intention to adhere to what is above presented as its practice; and declares further that the case of *Flanders* v. *Tweed* (9 Wallace, 425), was exceptional.

ERROR to the Circuit Court for the Southern District of Georgia.

Gardner sued Reed in the court below. His declaration alleged that one Wilson had delivered to the defendant cotton, upon an agreement that he, the defendant, would sell

the same, and out of the proceeds pay to him, Gardner, the plaintiff, $4000, in which sum the said Wilson was indebted to Gardner; that the property was sold, that the net proceeds were $9000, by means whereof the defendant became liable to pay to the plaintiff the $4000, and that he refused to pay the same. To this the defendant interposed a general denial and several special pleas. A trial was had, and verdict and judgment having been given for the plaintiff, the defendant brought the case here.

The bill of exceptions contained no statement of the evidence, or of the facts upon which the questions arose. It consisted only of the charge of the judge, and of requests and refusals to charge. There was, however, in the transcript a number of depositions, exhibits, certificates, &c., which appeared to have been used in the trial of the case.

*Messrs. Carlisle and McPherson, for the plaintiffs in error,* stating a case shown, as they conceived, by these, sought to show on it, that there had been error in the action of the court below.

*Mr. W. W. Boyce, contra,* argued that striking out the depositions, exhibits, certificates, &c., improvidently incorporated in the transcript, no such case as the counsel sought to put before the court was found in what remained, the true record, *i. e.,* the pleadings, bill of exceptions, verdict, and judgment; and asked for an affirmance.

*Messrs. Carlisle and McPherson* replied that it could not be doubted that such evidence as was contained in the depositions, exhibits, certificates, &c., had been, in fact, given, and that the charge of the judge was based upon it; and suggested that if this court should think that the evidence was not put into the record in proper form, then, that, as in *Tweed* v. *Flanders,*[*] the judgment should be reversed and the cause remanded for a new trial; this course being more

---

[*] 9 Wallace, 425, 432.

conducive to justice than to affirm a judgment' in a case where it plainly appeared that the court mistook the law, though the mistake might not be so presented as to be capable of being corrected by this court.

Mr. Justice HUNT delivered the opinion of the court.

It has been frequently held by this court, that in passing upon the questions presented in a bill of exceptions, it will not look beyond the bill itself.* The pleadings, and the statements of the bill, the verdict, and the judgment, are the only matters that are properly before the court. Depositions, exhibits, or certificates not contained in the bill, cannot be considered by the court. The case of *Flanders* v. *Tweed*, was exceptional. The court intend to adhere to this practice.

Under this rule there is then nothing whatever in the present case for the court to pass upon.

It is impossible upon a record such as this is, that we should know whether the charge is correct or erroneous, or whether the refusals to charge as requested were justified, or whether they were improper.

As already said, there is absolutely nothing presented to this court for consideration.

                                        JUDGMENT AFFIRMED.