### JONES *v.* BUCKELL.

This court will not pass upon the charge below, where the bill of exceptions does not set forth the evidence, and there is nothing to show that the question of law to which the charge relates is involved in the issue.

ERROR to the Circuit Court of the United States for the Northern District of Florida.

This was ejectment for lands in Jacksonville, Florida, brought by John and Mary E. Buckell against Jones and others. Plea, not guilty. There was a verdict for the plaintiffs, upon which judgment was rendered. The defendants sued out this writ.

The bill of exceptions does not contain any of the evidence on the trial, but relates to the charge, which is set out in the opinion of this court.

The following agreement signed by the attorneys of the respective parties was filed in the court below:

"The plaintiffs and defendants, by their attorneys, admit the following to be true, without the necessity of introducing evidence in proof thereof, that is to say:

"The plaintiffs admit the regularity of all the proceedings in the confiscation suit in the District Court for the Northern

District of Florida against the property of Charles Willey, and that there was a decree of condemnation and sale of said property. The defendants are not required to introduce certified copies of such proceeding or the original papers, and that John S. Sammis was the purchaser at confiscation sale.

"The defendants on their part admit that Francis E. Yale and Mary E. Buckell are the children and only heirs-at-law of Charles Willey, and that the lands in controversy are the same lands which the defendants were in possession of at the date of the service of summons in this suit."

The case was argued by *Mr. William A. Beach* for the plaintiffs in error, and by *Mr. Charles W. Jones* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The question argued in this case is, whether, under the act of Aug. 6, 1861, c. 60, " to confiscate property used for insurrectionary purposes" (12 Stat. 319), a condemnation carried the fee of lands confiscated, or only the life-estate of the owner; but we cannot discover that such a question is fairly presented by the record for our consideration. The ruling of the court below on the motion for a new trial is not reviewable here. This is well settled. *Henderson* v. *Moore*, 5 Cranch, 11; *Railway Company* v. *Heck*, 102 U. S. 120.

The only questions, therefore, arising on the bill of exceptions, are those presented by the exception to the following opinion and charge of the court to the jury : —

"The acts of 1861 and 1862, though differing in some respects, are *in pari materia ;* while the one treats of property, the other of the person, both are on account of the acts of the person offending. The Armstrong Foundry case shows that you cannot proceed against the offending thing without coupling with it the guilty knowledge and consent of the person, and that pardon of the offender absolved the property as well as the person. Upon review of the whole case, the court charges you that the condemnation and sale of the lot in question, purporting to convey a fee-simple, only conveys an estate for the life of Charles Willey, and that the

heirs of the said Charles Willey are entitled to recover the same."

The pleadings nowhere show that the rights of the parties depend on the construction or effect of the act of 1861, and no part of the evidence is set out in the bill of exceptions. Copies of deeds and a stipulation in respect to evidence are found in the transcript, but they are nowhere referred to in the bill of exceptions, and it is not even stated in the record that they were used at the trial. As long ago as *Dunlop v. Munroe* (7 Cranch, 242, 270), it was said by this court that " each bill of exceptions must be considered as presenting a distinct and substantive case; and it is on the evidence stated in itself alone that the court is to decide." Of course, evidence may be included in a bill of exceptions by appropriate reference to other parts of the record, and if that had been done here it might have been enough. But with no issue made directly by the pleadings, and no evidence set forth or referred to in the bill of exceptions showing the materiality of the charge complained of, the case presents to us only an abstract proposition of law which may or may not have been stated by the court in a way to be injurious to the plaintiffs in error. Such a proposition we are not required to consider. *Reed v. Gardner*, 17 Wall. 409.

*Judgment affirmed.*