NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* MADISON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

Argued November 11, 1887. — Decided December 5, 1887.

If the jury return a verdict for the plaintiff after the court in its charge instructs them to "disregard altogether" evidence on the plaintiff's part, which had been improperly introduced and had been excepted to, the defendant cannot assign error here in this respect.

Rulings of the court below on questions of law will not be considered here on a writ of error, unless it appears from the bill of exceptions, or otherwise in the record, that the facts were such as to make them material to the issue which was tried.

THE case is stated in the opinion of the court.

*Mr. J. E. Ingersoll* for plaintiff in error. *Mr. L. A. Russell* was with him on the brief.

*Mr. Edward S. Meyer* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by Madison, the defendant in error, for injuries received by him through the alleged negligence of the New York, Lake Erie and Western Railroad Company, while he was in its employ as a brakeman. He charged in his petition that " after a train of cars operated by said defendant, and on which train he was employed as aforesaid, had stopped at the town of Mantua, a station along the line of said company in the district and division aforesaid, it became necessary in the course of his duties to step between two cars of said train for the purpose of uncoupling them, and while so engaged, without any fault or negligence on his part, but through the fault and negligence of this defendant in permitting its road-bed at said town to remain in an unsafe, insecure, and dangerous condition, all of which was unknown to this plaintiff, his right foot was caught and held fast in said road-bed, and while so caught and held, being unable to extricate it, he was, without any fault on his part, but through the negligence and carelessness of defendant, struck, jammed, and run over by one of defendant's cars, so injuring his left leg as to necessitate its amputation and cause the loss thereof."

The answer denied that the injury was caused by the negligence of the company, and insisted that it happened through the fault of the plaintiff himself.

The errors assigned here are:

1. That the Circuit Court erred in the admission of incompetent evidence at the trial; and,

2. That the Circuit Court erred in its charge to the jury.

In reference to the first of these assignments the bill of exceptions shows that at the trial several witnesses were called by the plaintiff, who were permitted to testify to certain alterations which were made in the road-bed by the section foreman, with the knowledge and approval of the road-master, after the accident occurred. This was objected to at the time, and exceptions were duly taken; but the court, in submitting the case to the jury, directed them to disregard that testimony altogether, as it had been improperly admitted, and must not be considered as tending to prove that the "railroad track was not in a reasonably safe condition at the time." It is true that, in one place in its charge, the court said this evidence was "not to be regarded . . . as an admission of the defendant of the defective character of the road-bed," but afterwards it was expressly stated that the testimony was not to be considered at all, as the section foreman could not at the time the alterations were made do anything that would bind the company upon the question of the condition of the track when the accident occurred. The jury could not have been misled on this subject.

As to the other error assigned, it is sufficient to say that there is nothing in the record to show the materiality of the charge complained of, or of the requests to charge which were refused. No part of the evidence, save that which was excepted to, is set out in the bill of exceptions, and there is no such statement of the facts proven as will enable us to see that the charge as given or refused had any reference to the case as it appeared at the trial. The record as it comes to us presents only abstract questions of law, which may or may not have been ruled in a way to affect the defendant injuriously. It has long been settled that such questions will not be considered here on a writ of error unless it appears from the bill of exceptions, or otherwise in the record, that the facts were such as to make them material to the issue which was tried. As was said in *Dunlop* v. *Monroe*, 7 Cranch, 242, 270: "Each bill of exceptions mus be considered as presenting a distinct and substantive case; and it is n the evidence stated in itself alone, that

the court is to decide. We cannot go beyond it and collect other facts which must have been in the mind of the party, and the insertion of which in this bill of exceptions could alone have sanctioned the opinion as prayed for." To the same effect is *Worthington* v. *Mason*, 101 U. S. 149, 152, where this appears : "As we understand the principles on which judgments here are reviewed by writ of error, that error must appear by some ruling on the pleadings, or on a state of facts presented to this court. Those facts, apart from the pleadings, can only be shown here by a special verdict, an agreed statement duly signed and submitted to the court below, or by bill of exceptions. When in the latter, complaint is made of the instructions of the court given or refused it must be accompanied by a distinct statement of testimony given or offered which raises the question to which the instructions apply." "The proof of the facts which make the charge erroneous must be distinctly set forth, or it must appear that evidence was given tending to prove them." See also *United States* v. *Morgan*, 11 How. 153, 158 ; *Reed* v. *Gardner*, 17 Wall. 409 ; *Jones* v. *Buckell*, 104 U. S. 554 ; *Phœnix Life Ins. Co.* v. *Raddin*, 120 U. S. 183, 196.

Upon the record as it comes to us we find no error, and the judgment is consequently

*Affirmed.*