JACOBUS *v.* MONONGAHELA NAT. BANK OF BROWNSVILLE.

(*Circuit Court, W. D. Pennsylvania.* March 31, 1888.)

1. ATTACHMENT—WRONGFUL ATTACHMENT—DAMAGES—LOSS OF INTEREST.
   The loss of interest occasioned by an attachment wrongfully laid is clearly an injury for which damages are recoverable against the wrong-doer.

2. SAME—CORPORATIONS—SHARES—DIVIDENDS.
   Where shares of corporation stock are attached, the subsequently declared dividends are as much bound by the attachment as the *corpus* of the stock itself is.

3. SAME—WRONGFUL ATTACHMENT—COUNSEL FEES.
   Counsel fees and other expenses (not taxable as costs) paid or incurred in defending against an attachment wrongfully laid are not recoverable as damages in an action upon a statutory recognizance given when the attachment was issued, conditioned for the payment to the party aggrieved of "such damages as the court may adjudge."

Assessment of Damages on Attachment Bond.

In pursuance of written stipulation this case was tried by the court without the intervention of a jury. The following facts, therefore, are found by the court: (1) On July 17, 1878, the Monongahela National Bank of Brownsville, the defendant here, upon a judgment for $9,056 recovered by it in this court against Alfred Patterson, caused an execution attachment to be issued out of this court, and by virtue thereof, on the 18th of the same month, caused to be attached, as the property of Patterson, 264 shares of the capital stock of the Fayette County Railroad Company, of the value of $60 a share, standing in the name of Samuel H. Jacobus, the plaintiff here; which stock, in fact, belonged to Jacobus. (2) Before issuing the attachment the bank entered into and filed (conformably to the thirty-second section of the act of assembly of June 16, 1836,) a recognizance conditioned for "the payment of such damages as the court may adjudge, to the party to whom such stock shall really belong, in case such stock should not be the property of the defendant." (3) Jacobus and the railroad company, having been summoned as garnishees, appeared; and on September 30, 1878, the former pleaded *nulla bona*, and October 31, 1878, the latter pleaded in substance that the attached stock belonged to Jacobus, and not to Patterson. Upon a trial by jury there was a verdict, on May 13, 1880, in favor of the garnishees; and on May 17, 1880, the court entered judgment for them on the verdict. On July 2, 1880, the bank sued out a writ of error, by virtue whereof all proceedings in said attachment were removed into the supreme court of the United States; which court, on November 19, 1883, affirmed the said judgment. (4) There was in the hands of the railroad company at the time process was served a dividend of $264 on said stock; and between July 18, 1878, and November 19, 1883, 21 dividends of $264 each were declared by the said company on said stock, the first thereof on October 10, 1878, and the others every three months thereafter. All said dividends were retained by the railroad company until after the affirmance of the judgment by the supreme court, when they were paid to Jacobus, but without interest. (5) In defending against said attach-

ment Jacobus incurred and paid certain expenses, viz., $500 for counsel fees, and $54.20 for printing, etc.; but these expenses were not taxable as costs in the case.

*T. C. Lazear*, for plaintiff.

*Knox & Reed*, for defendant.

ACHESON, J., (*after stating the facts as above.*) The loss of interest occasioned by an attachment wrongfully laid is clearly an injury for which damages are recoverable against the wrongful litigant. *Irwin* v. *Railroad Co.*, 43 Pa. St. 488; *Oelrichs* v. *Spain*, 15 Wall. 211, 230. But the defendant's counsel contend that the dividends declared after the filing of the pleas in the attachment suit were not subject to the attachment; and in support of this view they cite the case of *Benners* v. *Buckingham*, 5 Phila. 68, in which it is said that whatever comes into the hands of a garnishee in an execution attachment, after *nulla bona* pleaded, cannot be given in evidence at the trial of the issue. Whether this is consistent with the decision of the supreme court of Pennsylvania in *Sheetz* v. *Hobensack*, 20 Pa. St. 413, that the garnishee in an execution attachment is liable for moneys of the defendant debtor coming into his hands after service of the writ, need not now be considered. The doctrine declared in *Benners* v. *Buckingham*, if correct, has no application here. This was not the case of a distinct and independent fund coming into the garnishee's possession after plea filed. The dividends were but an incident to the stock,—the mere fruits thereof,—and were as much within the grasp of the attachment as the *corpus* of the stock was. It has been adjudged that an execution attachment becomes a lien on the debtor's stock from the date of the service on the corporation; and upon a judgment therein, and a sheriff's sale, the purchaser of the stock takes the judgment debtor's title as of the date when the attachment was served. *Geyer* v. *Insurance Co.*, 3 Pittsb. R. 41. The defendant's counsel further contend that, as the judgment upon which the attachment issued was less in amount than the value of the stock, Jacobus had the right to demand and enforce payment of the dividends, notwithstanding the pendency of the attachment; or, at any rate, that the railroad company by withholding the dividends became liable to pay interest thereon to Jacobus. But I am of opinion that this case is not within the principle that a garnishee is not justified in withholding from his creditor more than is sufficient to indemnify him from the attachment. The railroad company was not bound to take the risk of a decline in the value of the stock, and the dividends never reached anything like the amount of the judgment. Besides, under the ruling in *Geyer* v. *Insurance Co.*, *supra*, had the attachment here proceeded to judgment, execution, and sale, the dividends, as an incident of the stock, would have passed to the purchaser. If the bank was satisfied with the security of the stock itself, and desired to lessen the risk of litigation, it was its business to release the dividends from the lien of the attachment. It follows, therefore, from what has been said, that the plaintiff is justly entitled to recover in this action the amount claimed by him for lost interest.

But can the plaintiff recover for his counsel fees and other expenditures in the attachment suit? This question, under the decisions of the supreme court of the United States, must, I think, be answered negatively. *Arcambel* v. *Wiseman*, 3 Dall. 306; *The Nuestra Senora De Regla*, 17 Wall. 29. In a suit on an injunction bond, which bears a close analogy to the present action, that court held that counsel fees expended in getting rid of the injunction were not allowable as part of the damages. *Oelrichs* v. *Spain, supra.* It is to be observed that the statutory recognizance is not the foundation of the right of action for the wrongful attachment of stock. It is intended as a security for the payment of damages. The condition thereof is for the payment of "such damages as the court may adjudge." This, I apprehend, means such damages as are legally recoverable. Now, in an action against the marshal for an illegal levy on teas, it was held by Judge BALDWIN that the plaintiff was not entitled to recover money paid counsel, or other expenses incurred in prosecuting the suit. *Insurance Co.* v. *Conard*, Baldw. 138. And upon this question the decisions of the supreme court of Pennsylvania are in harmony with those of the federal courts. *Good* v. *Mylin*, 8 Pa. St. 51; *Haverstick* v. *Gas Co.*, 29 Pa. St. 254; *Stopp* v. *Smith*, 71 Pa. St. 285. These cases hold that the plaintiff, whether suing in tort or contract, cannot recover in damages for counsel fees or other expenses (not taxable as costs) paid or incurred in establishing his right.

And now, to-wit, March 31, 1888, upon the facts found, and in accordance with the views expressed in the foregoing opinion, the court finds in favor of the plaintiff, and that as and for his damages he recover of the defendant the sum of $1,201.65.