## UNITED STATES *v.* WINGATE.

### (*Circuit Court, E. D. Texas.* December 1, 1890.)

REVIEW ON APPEAL.—EVIDENCE NOT PRESERVED IN RECORD.
　　Where, in an action by the United States to recover the value of timber wrong-fully taken from public land and sold by the trespasser to defendant, there is no evidence preserved in the bill of exceptions tending to show whether or not defendant's vendor was a wilful or inadvertent trespasser, no error can be predicated on the refusal of the court to grant an instruction as to the damages plaintiff is entitled to recover in case the trespass and taking were willful.

Error to district court.
*M. S. Jones*, Special U. S. Dist. Atty.
*Burnett & Handscom*, for defendant in error.

PARDEE, J.　The United States brought suit against the defendant alleging that one Thomas J. Carroll forcibly entered upon the land and premises of the plaintiff, without the authority, knowledge, or consent of plaintiff, and did cut and fell thereon 475 pine trees, of the value of $4 each, and did cut said trees into logs of proper lengths to be manufactured into lumber.　Said logs when so cut contained, in the aggregate, 334,602 feet (board measure) of timber of the value of $5 per 1,000 feet before being manufactured into lumber, and of the value of $10 per 1,000 feet after being manufactured into lumber.　That said Thomas J. Carroll delivered to defendant, Wingate, at Orange, Tex., 169,442 feet of said timber, in the log, (board measure,) which said timber was by said Wingate manufactured into merchantable lumber, of the value of $10 per 1,000 feet, and of the aggregate value of $1,694.42.　That said timber, before and after being manufactured into lumber, was the property of plaintiff, and to which defendant had no right, all of which was well known to said defendant; yet, so knowing, defendant converted said timber and said lumber to his own use, and to plaintiff's damage $2,000, for which sum the plaintiff prayed judgment.　Defendant answered pleading not guilty of the trespasses complained of, and, further, that, if he purchased the timber mentioned in plaintiff's petition, he did so in good faith, and without notice that said timber, or any portion of it, was cut off of plaintiff's land, if it was so cut, which defendant denies; that defendant not only had no notice that the timber was cut off of plaintiff's land, but has no reason to believe or suspect that it was cut or taken off of plaintiff's land; that said Carroll owned and still owns timber land in Calcasieu parish, La., and openly sold said timber as having been cut and taken from his own land, and all timber purchased by the defendant from him was purchased and paid for in good faith, and upon the honest belief that it was cut off of his own land; further, that the timber sued for is, in its unmanufactured state, worth only $200, and the cost of the manufacture of the same into lumber is $8 per 1,000 feet.　Wherefore the defendant prays to be dismissed, with his costs, or, if it should

appear that the timber described in plaintiff's petition, or any portion of the same, was cut off of plaintiff's land, that plaintiff recover only the value of such timber in its unmanufactured state, or the value of the lumber sued for, less the cost of manufacture. A trial before the district court resulted in a verdict and judgment in favor of the plaintiff for $132.

On the trial of the case, the following bill of exceptions was taken to the rulings of the court:

"Be it remembered," etc., "and the jury having been sworn and impaneled to try said cause, and a true verdict render, and the evidence having been adduced, and the argument of counsel heard, the honorable the judge did proceed to charge the jury as follows, to-wit: ‘That the several values of the timber alleged to have been cut from the lands of the United States, described in the petition, and purchased by B. R. Wingate from the original trespasser, Thomas J. Carroll, have been shown to be in its different conditions as follows, to-wit: "Standing in the tree, fifty cents (50c.) per thousand feet; felled and lying on the ground where cut, one dollar ($1) per thousand feet; and in the boom at Orange, where delivered to the defendant, five and twenty-five hundredths dollars ($5.25) per thousand feet, which price it is shown was paid for said timber by defendant; and, when sawed into lumber, ten dollars ($10) per thousand feet." That under the testimony the jury must find that the defendant purchased said timber in good faith; and, being a purchaser in good faith, should the jury find that he purchased and came into possession of the timber in question, or any portion thereof, the verdict of the jury must be for plaintiff for a sum not exceeding one dollar ($1.00) per thousand feet, —the value of the timber when felled and lying on the ground where cut.' To which charge, plaintiffs, by their counsel, M. S. Jones, special assistant United States attorney, excepted, and requested the court to charge that if the jury found that the defendant, B. R. Wingate, had purchased the timber in good faith, their verdict should be in favor of the plaintiffs, the United States, in the amount of five and twenty-five one-hundredths dollars ($5.25) per thousand feet, the price paid to Thomas J. Carroll, the original trespasser, by said defendant, as shown by the said Wingate's books and testimony, if the jury found said Carroll was a trespasser in bad faith; which said exception and request were overruled, and refused by the court, for the reasons following, to-wit: To which ruling plaintiffs except, and tender their bill, which was accordingly allowed and made of record in open court."

The charge of the judge as given, and the refusal of the judge to charge as requested in relation to the amount of damages plaintiff was entitled to recover, are the errors assigned upon this hearing.

In cases like the one under consideration, the rule of damages is very plainly laid down in *Wooden-Ware Co.* v. *U. S.*, 106 U. S. 432, 1 Sup. Ct. Rep. 398. The syllabus of that decision is as follows:

"Where the plaintiff in an action for timber cut and carried away from his land recovers damages, the rule for assessing them against the defendant is: (1) Where he is a willful trespasser, the full value of the property at the time and place of demand, or of suit brought, with no deduction for his labor and expense. (2) Where he is an unintentional or mistaken trespasser, or an innocent vendee from such trespasser, the value at the time of conversion, less the amount which he and his vendor have added to its value. (3) Where he is a purchaser without notice of wrong from a willful trespasser, the value at the time of such purchase,"

Cases applying this rule will be found in *U. S.* v. *Williams*, 18 Fed. Rep. 478; *Same* v. *Heilner*, 26 Fed. Rep. 82; *Same* v. *Ordway*, 30 Fed. Rep. 31; *Aurora Hill, etc., Min. Co.* v. *Eighty-Five Min. Co.*, 34 Fed. Rep. 521; *Murphy* v. *Dunham*, 38 Fed. Rep. 511; *U. S.* v. *Scott*, 39 Fed. Rep. 901. In the charge given in this case, no attention seems to have been paid to the question whether or not Carroll, the original trespasser, was a willful trespasser or an unintentional and mistaken trespasser. The good faith referred to relates only to the purchaser from the original trespasser. In the charge refused, attention is paid to the good faith of both the original trespasser and of the defendant purchaser. Whether the court erred in the charge given, and in the refusal of the charge asked for, depends upon whether or not Carroll, the original trespasser, was a willful trespasser, or an inadvertent or mistaken trespasser. Under the facts stated in the bill of exceptions, if Carroll was a willful trespasser, then the plaintiff was entitled to recover at the rate of $5.25 per 1,000 feet, being the price paid by the defendant. If Carroll was a mistaken or inadvertent trespasser, then the plaintiff was entitled to recover the value of the timber at the time of conversion by Carroll, which conversion was, according to the facts stated in the bill of exceptions, after the timber was severed from the realty and when the logs were lying on the ground where cut. The record is silent as to whether there was any evidence showing or tending to show that Carroll was a willful trespasser. Without knowledge of this fact, this court cannot say that there was error to the prejudice of the plaintiff in either the charge given or the one refused. The bill ought to have stated the fact or the evidence tending to show the fact. "An appellate court will not look outside a bill of exceptions to determine the correctness of the instruction excepted to." *Dunlop* v. *Munroe*, 7 Cranch, 270; *Railroad Co.* v. *Hunning*, 15 Wall. 655; *Bank* v. *Kennedy*, 17 Wall. 29. In *Worthington* v. *Mason*, 101 U. S. 149, Mr. Justice MILLER, speaking for the supreme court, says:

"As we understand the principles on which judgments here are reviewed by writ of error, that error must appear by some ruling on the pleadings or on a state of facts presented to this court. Those facts, apart from the pleadings, can only be shown here by a special verdict, an agreed statement duly signed and submitted in the court below, or by bill of exceptions. When, in the latter complaint is made of the instructions of the court given or refused, it must be accompanied by a distinct statement of testimony given or offered which raises the question to which the instructions apply. The proof of the facts which make the charge erroneous must be distinctly set forth, or it must appear that evidence was given tending to prove them."

See, also, *U. S.* v. *Morgan*, 11 How. 154; *Reed* v. *Gardner*, 17 Wall. 409; *Jones* v. *Buckell*, 104 U. S. 554; *Insurance Co.* v. *Raddin*, 120 U. S. 183, 7 Sup. Ct. Rep. 500; *Railroad Co.* v. *Madison*, 123 U. S. 524, 8 Sup. Ct. Rep. 246. Upon the record, as it comes to this court, there appears no error; and, accordingly, it is ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, affirmed.