WOODS, Circuit Judge,
after making the foregoing statement, delivered the opinion of the-court:
It is evident that the patent in suit, by its own terms as well as by force of the prior art, is one of very narrow scope. It must be limited substantially to the particular construction described, and when that is done it is impossible to reach any other conclusion upon the question of infringement than that declared by the court below. This is so clear upon a mere statement of the case that a discussion of the question would be unprofitable.
It is to be observed that the assignment of error is not such as required an examination into the merits of the appeal, because if it were found that error was committed to the full extent alleged it would not follow that the decree rendered should be reversed. The assignment contains but one specification, and that, contrary to our rule 11 (21 C. C. A. cxii., 78 Fed. cxii.), embraces two distinct propositions. It 'reads as follows:
“The circuit court erred in holding that respondents have not infringed upon the patent in suit, and it erred in declining to grant a provisional injunction with reference for accounting in damages and profits.”
The one thing done by the court was to dismiss the bill, and on that action the assignment should have been predicated. The record shows no refusal to grant a provisional injunction, and if there had been such a ruling the question of its correctness could be involved in an appeal from a final decree of dismissal only incidentally, *537 if at all. The decision was put upon the ground that there had been no infringement, but it is also said that the court expressed no opinion upon the validity of the claims of the patent. If, therefore, this court should have determined that on the question of infringement the court had erred, the conclusion could be of no avail to the appellant, unless, going beyond the assignment of error, we had also determined that the patent in suit is valid. The assignment is predicated, not as it ought to have been, upon the ruling of the court, but upon the reason given for the decision. That, as we have more than once declared, is improper and unavailing. Caverly v. Deere, 24 U. S. App. 617, 13 C. C. A. 452, 66 Fed. 305; Russell v. Kern, 34 U. S. App. 90, 16 C. C. A. 154, 69 Fed. 94.
The decree below is affirmed.