SOUTH PENN OIL CO. v. LATSHAW.

(Circuit Court of Appeals, Fourth Circuit.   November 6, 1901.)

No. 378.

1. APPEAL — QUESTIONS REVIEWABLE — RULING ON MOTION FOR NEW TRIAL.
    Under the practice of the federal courts, the ruling on a motion for new trial is not reviewable.

2. SAME—QUESTIONS PRESENTED BY RECORD—REFUSAL OF INSTRUCTIONS.
    The refusal of instructions asked cannot be reviewed on appeal unless the bill of exceptions contains the evidence relied on to make such instructions applicable to the case as submitted to the jury.

3. SAME—EXCEPTIONS AND ASSIGNMENTS OF ERROR—FAILURE TO COMPLY WITH RULES.
    Where but a single exception was taken, and a single assignment of error is made, covering the giving of certain instructions, the refusal to give others, and the charge as given, no question is presented which will be considered by the appellate court.

4. CONTRACTS—CONSTRUCTION—DRILLING OIL WELL.
    In an action to recover for the drilling of an oil well, which was made under a written contract by which the plaintiff agreed to complete and clean the well and deliver it to defendant for a stipulated price per foot, he cannot recover for time lost in fishing for tools in such well, the necessity for which was one of the risks he assumed by his contract.

In Error to the Circuit Court of the United States for the District of West Virginia.

T. P. Jacobs and R. F. Fleming (A. B. Fleming, M. F. Elliott, and U. N. Arnett, on the brief), for plaintiff in error.

V. B. Archer (Wm. Beard, on the brief), for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

GOFF, Circuit Judge.   This is an action of trespass on the case in assumpsit, the declaration consisting of the common counts with a bill of particulars.   The defendant in error was plaintiff below, where he sued the South Penn Oil Company to recover a sum claimed by him to be due by it for the drilling of an oil well in Marion county, W. Va., and for "fishing for lost tools" in said well during the time it was being so drilled.   The defendant below pleaded the general issue.   The case was tried to a jury, and a verdict returned in favor of said Latshaw for the sum of $10,768, on which a judgment was duly rendered.   The writ of error now under consideration was then applied for and granted.

A great number of errors are assigned, but a few only of them will, for reasons hereinafter given, be considered by this court.

The assignment relating to the refusal of the court below to set aside the verdict because it was contrary to the law and the evidence is without merit.   The ruling of the court below on a motion for a new trial is not reviewable in this court.   Pomeroy's Lessee v. Bank, 1 Wall. 592, 17 L. Ed. 638; Ayers v. Watson, 137 U. S. 584, 11 Sup. Ct. 201, 34 L. Ed. 803; Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Improvement Co. v. Frari, 58 Fed. 171, 7 C. C. A. 149.

The assignments of error pertaining to the refusal of the court

to give certain instructions asked for by the defendant below should not be considered by this court, for the reason that the evidence, if any there was, by which the relevancy of the instructions refused could have been shown, is neither quoted in full nor its substance set forth in the bill of exceptions relating thereto. Indeed, there seems to have been in the preparation of the bill of exceptions an utter disregard of the rules of this court, as also of the practice in matters of this character as established by the decisions of this court and of the supreme court of the United States. The reasons for the making and for the enforcement of said rules, as well as for the observance of the practice so established, have been frequently given. Insurance Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 644; Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476; Van Gunden v. Iron Co., 8 U. S. App. 229, 3 C. C. A. 294, 52 Fed. 838; Newman v. Iron Co., 42 U. S. App. 466, 25 C. C. A. 382, 80 Fed. 228. Such being the bill of exceptions, we must presume that there was an utter absence of such testimony as made the instructions refused pertinent, in which event the court below properly rejected them. The bill of exceptions should have shown all the testimony relied on to make the propositions of law included in the instructions applicable to the case as presented to the jury. Jones v. Buckell, 104 U. S. 554, 26 L. Ed. 841.

The assignments of error concerning the giving of certain instructions prayed for by the plaintiff below, as well as those having reference to the court's instructions and charge, must also be disregarded by this court, because they repeatedly and palpably violate its well-established rule which restricts an assignment of error to one distinct proposition. Clark v. Deere & Mansur Co., 25 C. C. A. 619, 80 Fed. 534; Newman v. Iron Co., 25 C. C. A. 382, 80 Fed. 228. A separate assignment of error in respect to each part of the court's charge alleged to be erroneous, as well as to each instruction given, should have been taken. Vider v. O'Brien, 10 C. C. A. 385, 62 Fed. 326. In the case we are now disposing of, the giving of certain instructions, the refusal to give others, and the exceptions to the court's charge are all combined in one exception and in one assignment of error.

After all the evidence had been submitted, the defendant below asked the court to instruct the jury that the plaintiff was not entitled to recover because of anything in his bill of particulars relating to fishing for lost tools during the time the well was being drilled. The court refused to give that instruction, an exception was duly noted, and in the bill of exceptions appears all the testimony offered bearing on that point. The proper disposition of this prayer of the defendant below required not only a careful examination of all the testimony, but also of the pleadings, as well as the construing by the court of the written contract, under which it is clear that the well was drilled. It appears from the record that the South Penn Oil Company, on the 27th day of August, 1894, entered into a written contract with Latshaw, by which he was to drill for said company, in Mannington district, Marion county, W. Va., an oil or gas well in the manner, to the depth, and for the compensation, and under the

terms set forth in said contract; that Latshaw began drilling at a point selected by the officials of said oil company, and prosecuted the work for a short time, when he was informed by them that the company had decided to change the location to a certain other locality, which was pointed out to him; that the rig and tools were then·removed to said new location, and that Latshaw there drilled the well to about the depth of 2,926 feet, and before he had completed the same the tools became fastened in the well and could not be removed; that the charge for fishing for the lost tools, set forth in the bill of particulars, was for labor expended in endeavoring to recover the tools so stuck in the well. The plaintiff below testified that·he drilled the well so located at the second point under the terms and condition of the written contract. In fact, all the testimony clearly shows that the drilling was proceeded with under the written contract, and that there was simply a change in the location of the well. The instruction asked for by the defendant below required the construing of said contract by the court, and the determination of the question whether, by the terms of the same, the contractor was entitled to charge for labor attending the fishing for lost tools. We think that it clearly appears by the written contract that Latshaw was to complete the well, clean the same, and deliver it to the South Penn Oil Company, before he was · entitled to any compensation therefor. This was not only so by the terms of the written contract, but also by the usage or custom of that oil field, concerning which quite a number of experts testified. The expense attending the completion of the well, which certainly included all expenditures made on account of fishing as well as those for drilling, was chargeable to Latshaw, and his compensation was to have been determined by the depth of the well, a certain sum per foot having been agreed upon. There is no evidence tending to show that the contract was abandoned, or that any of its terms were changed. Such being the case submitted to the jury, we are of the opinion that the instruction so asked for by the defendant below should have been given. Under the contract the plaintiff should have been restricted to the items in his bill of particulars relating to the drilling of the well, and testimony concerning other matters should have been excluded. This may, under the unfortunate circumstances attending said work, produce a result far from satisfactory to the contractor, and it may entail considerable loss upon him, but that, while much to be regretted, cannot be avoided, and it was one of the elements of the risk he assumed when he undertook to drill the well. The contract was made by parties capable of entering into it, and they must now stand by their agreement, whatever be the result reached by its observance.

For the error referred to, the judgment of the court below must be reversed, the verdict of the jury set aside, and a new trial awarded. Reversed.