C. H. LAWRENCE & CO. v. SEYBURN, Collector of Internal Revenue.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1913.)

No. 2,370.

1. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS—RE-
VIEW—RECORD.
    Charges given will not be reviewed, where the assignments of error
state no facts proven or in issue to enable the appellate court to deter-
mine whether the charges were material or relevant to the issue sub-
mitted to the jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–
3016; Dec. Dig. § 730.*]

2. INTERNAL REVENUE (§ 16*)—ADULTERATED BUTTER—TAXATION—INTENT.
    For a dealer in adulterated butter to be liable to the internal revenue
tax imposed by Act Cong. May 9, 1902, c. 784, 32 Stat. 193 (U. S. Comp.
St. Supp. 1911, p. 1339), it is immaterial whether the dealer knowingly
engaged in the business or not.
    [Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 16.*]

In Error to the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

Action by C. H. Lawrence & Company against Edward I. Seyburn,
as Collector of Internal Revenue for the District of Louisiana, to re-
cover taxes assessed against plaintiffs as wholesale dealers in adulter-
ated butter and paid under protest to avoid threatened prosecution for
penalties. From a judgment in favor of defendant, plaintiff brings
error. Affirmed.

Jno. D. Rouse, Wm. Grant, and W. B. Grant, all of New Orleans,
La., for plaintiff in error.

Charlton R. Beattie, U. S. Atty., of New Orleans, La., for defendant
in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB,
District Judge.

PER CURIAM. [1] The first and second bills of exception upon
which the first four assignments of error are predicated show no
state of facts proven or in issue for the court to determine whether
or not the court's charges to the jury specially excepted to were ma-
terial or even relevant to the issue to be submitted to the jury, and
therefore neither of the said assignments is well taken.

[2] For a dealer in adulterated butter to be liable to a tax by the
United States under the statute approved May 9, 1902, c. 784, 32
Statutes at Large, p. 193 (U. S. Comp. St. Supp. 1911, p. 1339), it is
immaterial whether or not the said dealer "knowingly" engaged in the
business.

We find no reversible error in the transcript, and the judgment of
the District Court is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes