HAUBTMAN & LOEB CO., Limited, v. HOOVEN–OWENS–RENT-
SCHLER CO.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1920.)

No. 3411.

1. APPEAL AND ERROR ⬤⟝714(1)—NECESSITY OF BILL OF EXCEPTIONS.

Papers not forming part of the record proper in a law case, and not by bill of exceptions made part of the record, are not properly before the reviewing court on writ of error.

2. APPEAL AND ERROR ⬤⟝694(1)—RULINGS ON EVIDENCE NOT REVIEWABLE WITHOUT BILL OF EXCEPTIONS.

When the bill of exceptions does not set forth the evidence, the action of the court with reference to that evidence as a whole is not presented for review by writ of error from the judgment rendered.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by the Hooven-Owens-Rentschler Company against the Haubtman & Loeb Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

C. F. Borah, of Franklin, La., for plaintiff in error.

John P. Sullivan and David Sessler, both of New Orleans, La. (W. C. Shepherd, of Hamilton, Ohio, on the brief), for defendant in error.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

WALKER, Circuit Judge. The judgment in this case is sought to be reversed because of the action of the court in overruling six objections to evidence, and because of what was done by the court after the evidence was concluded, to which last-mentioned action no exception was reserved. As to five of the objections the bill of exceptions does not show that the evidence objected to was admitted. As to the remaining objection, the bill of exceptions does not negative the conclusion that the objection was made after the testimony objected to was given by a responsive answer to a question calling for it, which was not objected to, and the objection is unintelligible in the absence of a contract to which it referred, and which is not shown by the bill of exceptions. The transcript contains what purports to be a report of the evidence adduced in the trial. That report is not made a part of, and is not referred to in, the bill of exceptions, and is not in any way authenticated by the presiding judge.

[1] Papers not forming part of the record proper in a law case, and not by a bill of exceptions made a part of the record to be reviewed on a writ of error, are not properly before the reviewing court. Leftwitch v. Lecanu, 4 Wall. 187, 18 L. Ed. 388; Reed v. Gardner, 17 Wall. 409, 21 L. Ed. 665. Each of the above-mentioned rulings on objections to evidence is unavailable as a ground of reversal either because of a failure to show that the evidence objected to was admitted, or because of a failure properly to present the ruling for review.

[2] When the bill of exceptions does not set forth the evidence adduced in a law case, the action of the court with reference to that evidence as a whole is not presented for review by a writ of error from the judgment rendered. Jones v. Buckell, 104 U. S. 554, 26 L. Ed. 841.

No question of law was raised by the pleadings in the case. The record does not show that there was error in any ruling of the trial court which is presented for review.

The judgment is affirmed.