## MARTIN v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
July 5, 1927.

No. 4890.

**1. Constitutional law 46(1)—Where sentence imposed was warranted under particular count, appellate court will not determine question of validity of statute on which another count was based (Harrison Anti-Narcotic Act, § 2, and § 1, as amended [Comp. St. §§ 6287g, 6287h; U. S. Code, tit. 26, §§ 692, 696]).**

Where sentence imposed was warranted under count charging purchasing, selling and dispensing morphine not in original package in violation of Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g [U. S. Code, tit. 26, § 692]), question whether count charging sale to purchaser who did not have written order, in violation of section 2 of such act (Comp. St. § 6287h [U. S. Code, tit. 26, § 696]), was based on valid statute need not be considered.

**2. Poisons 4—Mere peddler of narcotics in unstamped packages cannot be convicted of engaging in business without being registered (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g; U. S. Code, tit. 26, § 211]).**

A mere peddler of narcotics in or from unstamped packages cannot be convicted for engaging in business of importing, manufacturing, selling, etc., without being registered, in violation of section 1 of Harrison Anti-Narcotic Act, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g [U. S. Code, tit. 26, § 211]).

**3. Indictment and information 121(2)—Generality of charge of purchasing, selling, and dispensing morphine in unstamped packages held to entitle defendant to bill of particulars on demand (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g; U. S. Code, tit. 26, § 692]).**

Where count of indictment charged generally purchasing, selling, and dispensing of morphine not in or from original stamped packages, and not bearing tax-paid stamp as required by Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g [U. S. Code, tit. 26, § 692]), defendant was entitled to a bill of particulars on sufficient demand.

**4. Indictment and information 121(3)—Failure to furnish bill of particulars without sufficient demand therefor held not prejudicial error.**

Failure to furnish defendant a bill of particulars held not prejudicial error, in absence of any sufficient demand therefor.

**5. Criminal law 1167(2)—Admission of evidence competent on particular count held not reversible error, though that count was held insufficient by appellate court (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g; U. S. Code, tit. 26, §§ 211, 692]).**

In prosecution for purchasing, selling, and dispensing morphine in unstamped packages, and for engaging in business without being registered, in violation of Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g [U. S. Code, tit. 26, §§ 211, 692]), evidence of several sales other than specifically charged held admissible, under count charging engaging in business, and the admission of such evidence not reversible error, though such count was by appellate court held to state no offense.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Rex Martin was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Conviction on particular count reversed, and judgment otherwise affirmed.

Howard B. Shofner, of Nashville, Tenn., for plaintiff in error.

A. V. McLane, of Nashville, Tenn. (W. H. Lindsey, of Nashville, Tenn., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Martin was convicted of violating the Harrison Anti-Narcotic Act. He was found guilty on all three counts of the indictment. The first charged a sale of opium by Martin to a purchaser who did not have a written order form, as provided by section 2 of the act (section 6287h, U. S. C. S.; section 696, tit. 26, U. S. Code); the second count charged purchasing and selling and dispensing morphine, not in or from the original stamped package and not bearing the tax-paid stamp, as required by the amendment of 1919 (section 692, tit. 26, U. S. Code); the third count charged that Martin, being engaged in the business of importing, manufacturing, selling, etc., and being a person required to register, had carried on the business without being registered. Section 6287g, U. S. C. S.; U. S. Code, § 211, tit. 26.

[1] Whether section 2 of the act, in so far as it might apply to a sale of tax-paid narcotics, would be held valid since the change in the scheme of the act made by the amendment of 1919, we intimate no opinion. Since the sentence imposed might well rest upon count 2, it is unnecessary to give attention to count 1.

[2] In the Weaver Case (C. C. A.) 15 F. (2d) 38, we held that the requirements for registration, since the amendment of section 1 in 1919, apply only to those persons who are by this amendment defined as constituting the classes which must pay taxes, and that this section has no reference to a peddler of narcotics in or from unstamped packages.

20 F.(2d)—50

The indictment does not negative that this last was Martin's status, and the proofs show that it was. Hence the conviction on count 3 cannot be sustained.

[3] Count 2 sufficiently states an offense. It charges purchase and sale in or from an unstamped package. The generality of its language was such that defendant would have been entitled to a bill of particulars. It does not appear that he made any sufficient demand therefor. The subject was mentioned at the opening of the trial, but the informal and rather tentative suggestion that defendant should have a bill of particulars seems to refer and to have been understood to refer to the third count only; the only objection definitely made to the second count was that it was duplicitous. Under these circumstances we cannot find prejudicial error because no bill of particulars under the second count was furnished.

[4] The packages of narcotics which defendant was said to have sold and the one said to have been found in his possession, and which thus indicated purchase by him, were put in evidence; but they have not been sent up with the record. We therefore cannot say, as we did in the Weaver Case, that there is no evidence showing that the packages were unstamped.

[5] Evidence was received concerning several sales by defendant other than the one specified in count 1. This was objected to as tending to show other offenses; the evidence was received as supporting count 3, which charged being engaged in the business. This count 3 was then in the case. It had not been decided insufficient nor had the objection been made that it would not support the prosecution. In that situation the evidence of other sales was admissible, and its rightful admission cannot be retroactively transformed into prejudicial error, merely because the appellate court later decides that count 3 did not state an offense.

The sentence being no greater than could rightly be imposed upon count 2, the judgment is affirmed.