## JOHNSON v. UNITED STATES.
### No. 6588.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1932.

Rehearing Denied June 24, 1932.

H. L. Arterberry, of Los Angeles, Cal. (David H. Cannon, of Los Angeles, Cal., Athearn, Chandler & Farmer and Frank R. Devlin, of San Francisco, Cal., and McLean, Scott & Sayers, of Fort Worth, Tex., of counsel), for appellant.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal., and Frank M. Parrish and Neil Burkinshaw, Sp. Assts. to Atty. Gen.

Before WILBUR and SAWTELLE, Circuit Judges and KERRIGAN, District Judge.

SAWTELLE, Circuit Judge.

On June 19, 1925, the grand jury for the Southern district of California, sitting at Los Angeles, returned an indictment against the appellant charging him on six counts with using the mails in the execution of a scheme to defraud in violation of section 215 of the Criminal Code of the United States (18 USCA § 338).

The defendant resisted removal from Fort Worth, Tex., and he was finally ordered removed on September 19, 1928. Before the cause was called for trial the defendant filed a motion to quash said indictment, which motion was overruled.

The trial resulted in a verdict of guilty on the first count of said indictment and not guilty on the other counts thereof.

The first assignment of error relates to the overruling of the motion to quash the indictment. The grounds of the motion are that the indictment fails to charge a crime against the laws of the United States pursuant to section 215 of the Criminal Code; fails to inform, save in general terms, the defendant of the nature and cause of the accusation against him; charges and attempts to charge other and different crimes and offenses not contemplated by said section of the Criminal Code; charges the defendant with the crime of embezzlement; is founded upon malice,

passion, and prejudice, in that he is accused of being a promoter of many fraudulent enterprises, a confidence man, and a swindler.

Section 995 of the Penal Code of California provides that an indictment may be set aside by the court upon motion, where it is not found, indorsed, and presented as prescribed by the Code. The proper method of attacking the indictment in this case was by demurrer, either general or special. Beck v. United States (C. C. A. 8) 33 F.(2d) 107, 110. "A motion to quash * * * is ordinarily addressed to the discretion of the court, and therefore a refusal to quash cannot generally be assigned for error." Logan v. United States, 144 U. S. 263, 282, 12 S. Ct. 617, 622, 36 L. Ed. 429. See, also, Durland v. United States, 161 U. S. 306, 314, 16 S. Ct. 508, 40 L. Ed. 709.

In the Logan Case, supra, the court explained that the motion appeared "to have been intended and understood to include an exception, which, according to the practice in Louisiana and Texas, is equivalent to a demurrer."

In regard to the appellant's complaint that the charges in the indictment are couched "only in general terms," it is to be observed that the appellant asked for no bill of particulars. See the Durland Case, supra, 161 U. S. at page 315, 16 S. Ct. 508, 512, 40 L. Ed. 709, and the Beck Case, supra (C. C. A.) 33 F.(2d) 107, at page 110; Martin v. United States (C. C. A. 6) 20 F.(2d) 785, 786; and Chew v. United States (C. C. A. 8) 9 F.(2d) 348, 353.

Again, as to the claim that the indictment charges crimes not contemplated by section 215, we need only reiterate that, under the authorities just cited, a refusal to quash "cannot generally be assigned for error."

We cannot consider the motion to quash as the equivalent of a demurrer. Section 1004 of the California Penal Code specifies the ground upon which a defendant may demur to an indictment, and one of the grounds assigned is that the facts stated do not constitute a public offense. However, the latter ground may be insisted upon for the first time on appeal, as well as during the trial.

We will therefore determine the legal sufficiency of the allegations of the indictment to constitute the offense as denounced by section 215 of the Penal Code of the United States (18 USCA §.338).

The indictment charges that the appellant devised a scheme to defraud and to obtain money by means of false pretenses from certain named persons. The scheme is then fully set out, and certain false and fraudulent representations in furtherance thereof are alleged. Finally it is charged that, for the purpose of executing said scheme and artifice, "a certain letter" to a named individual was by the appellant "caused to be delivered by mail of the United States."

It is familiar doctrine that the offense charged need be described with but sufficient clearness to show a violation of law and apprise the defendant of the crime with which he is accused. The rule was thus stated in United States v. Behrman, 258 U. S. 280, 288, 42 S. Ct. 303, 304, 66 L. Ed. 619: "It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense." See, also, Cowl v. United States (C. C. A. 8) 35 F.(2d) 794, 797, 798, and Beck v. United States, supra (C. C. A.) 33 F.(2d) 107, at page 110.

We are of the opinion that the indictment is sufficient in that the facts therein stated are ample to put the defendant on notice of the charges he was called upon to meet and defend, and "that the offense is charged with sufficient clearness to show a violation of law."

The defendant claims that there were allegations in the indictment which were prejudicial and unnecessary. If this be true, and if they cannot be considered surplusage, the proper method of protecting the defendant in that respect was by requesting the court to instruct the jury to disregard them.

In Beck v. United States, supra, a case heavily relied upon by the appellant, the court said (C. C. A.) 33 F.(2d) 107, at page 110: "The surplusage in the present indictment is collateral to the charges well pleaded, and may have misled. This situation can be remedied by the court, upon proper motion sufficiently in advance of the trial, determining what misrepresentations the defendant will be required to meet on the trial."

No such request was made at the trial in the instant case. We think that there was no error in overruling the motion to quash the indictment.

All the remaining assignments of error relate to the court's refusal to give certain instructions, and to the general charge of the court. We are handicapped in the con-

sideration of these assignments because the bill of exceptions does not set forth the evidence, or any part thereof. The only matters contained in the bill of exceptions deal with the motion to quash, the instructions refused and given, and the appellant's exceptions thereto.

Several of the instructions requested and refused, however, related to general principles of law, applicable to any criminal case, and were adequately covered by the instructions actually given by the court. The general presumption is that the instructions of the court were applicable to the evidence introduced at the trial, and, as we have stated, the evidence is not quoted or set forth in the bill of exceptions.

In Burns v. United States, 274 U. S. 328, 331, 332, 47 S. Ct. 650, 651, 71 L. Ed. 1077, the court said: "The instruction must be taken in connection with the evidence bearing on the matter referred to and is to be considered in the light of the charge as a whole. New York Cent. & H. R. R. v. United States, 212 U. S. 500, 508, 29 S. Ct. 309, 53 L. Ed. 624; Hotema v. United States, 186 U. S. 413, 416, 22 S. Ct. 895, 46 L. Ed. 1225; Spring Drug Co. v. United States (C. C. A.) 12 F.(2d) 852, 856; People v. Scott, 6 Mich. 287, 291."

Similarly, in New York, Lake Erie & Western Railroad Co. v. Madison, 123 U. S. 524, 526, 8 S. Ct. 246, 247, 31 L. Ed. 258, the Supreme Court thus stated the rule: "As to the other error assigned, it is sufficient to say that there is nothing in the record to show the materiality of the charge complained of, or of the requests to charge which were refused. No part of the evidence, save that which was excepted to, is set out in the bill of exceptions, and there is no such statement of the facts proven as will enable us to see that the charge as given or refused had any reference to the case as it appeared at the trial. The record as it comes to us presents only abstract questions of law, which may or may not have been ruled in a way to affect the defendant injuriously. It has long been settled that such questions will not be considered here on a writ of error, unless it appears from the bill of exceptions, or otherwise in the record, that the facts were such as to make them material to the issue which was tried." See, also, Phœnix Life Insurance Co. v. Raddin, 120 U. S. 183, 195, 196, 7 S. Ct. 500, 30 L. Ed. 644.

This rule has been consistently followed by this and other federal courts.

In Copper River & N. W. Ry. Co. et al. v. Reeder (C. C. A. 9) 211 F. 280, 286, the court said: "Another vital objection to such supposed bill of exceptions is that it contains no evidence taken at the trial from which the court may determine whether the instructions given or refused were proper or improper, and hence it presents no alleged errors for this court to consider."

Again, in Yates et al. v. United States, 90 F. 57, 62, this court used the following language: "With reference to the charge of the court to which an exception was allowed, the presumption is that it was applicable to the case presented by the evidence, unless there is something in the record to the contrary. The burden of proof to show error is upon the party who asserts it, and to maintain his position he must either present to the appellate court all of the evidence, so that the reviewing court can see for itself what the evidence was, or present in his bill of exceptions that portion of the evidence which bears upon the point in controversy, with a statement that no other evidence was submitted. As was said in U. S. v. Patrick, supra [(C. C. A. 8) 73 F. 800, 806], 'the plaintiffs in error have done neither.' " See, also, C. H. Lawrence & Co. v. Seyburn, Collector of Internal Revenue (C. C. A. 5) 202 F. 913; South Penn Oil Co. v. Latshaw (C. C. A. 4) 111 F. 598, 599; Lesser Cotton Co. et al. v. St. Louis, I. M. & S. Ry. Co. (C. C. A. 8) 114 F. 133, 143; Newman v. Virginia, T. & C. Steel & Iron Co. (C. C. A. 4) 80 F. 228, 234; Union Casualty & Surety Co. v. Schwerin (C. C. A. 4) 80 F. 638, 639.

The appellant devotes several pages of his brief to the complaint that he was removed for trial from Texas to California. The appellant, however, concedes that "the prosecuting officers of the government have the power and the right, legally, to indict in any jurisdiction in cases such as this, wherever letters may have been delivered in furtherance of a scheme to defraud." This question has been set at rest by the Supreme Court in Salinger, Jr., v. Loisel, United States Marshal, 265 U. S. 224, 234, 44 S. Ct. 519, 522, 68 L. Ed. 989. There the court, considering this identical statute, said: "Evidently Congress intended to make the statute more effective and to that end to change it so that where the letter is delivered according to the direction, such wrongful use of the mail may be dealt with in the district of the delivery as well as in that of the deposit."

Upon careful examination, the inadequate bill of exceptions does not disclose reversible error or the denial of any substantial right.

In this connection, it is well to bear in mind the salutary provisions of section 269, amended, of the Judicial Code (28 USCA § 391): "* * * On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

In apt language, this provision has been construed by Judge Baker, of the Circuit Court of Appeals for the Seventh Circuit, in Haywood et al. v. United States, 268 F. 795, 798, certiorari denied 256 U. S. 689, 41 S. Ct. 449, 65 L. Ed. 1172: "Before proceeding further, we think it right to emphasize the fact that a review by an appellate tribunal is not a requirement in affording a defendant the due process of law that is secured to him by the Constitution. In England writs of error in criminal cases are of comparatively recent origin. In our country, though writs of error within certain limitations have been allowed from the beginning, the grant has been of grace or expediency, not of constitutional demand. In the court of first instance the defendant is given his day in court, his trial by jury, his opportunity to confront opposing witnesses, and all other elements of due process of law. And if Congress might have withheld entirely the privilege of review, it is self-evident that Congress may at any time reduce the previously granted privilege. From recent legislation (40 Stat. pt. 1, p. 1181, Comp. St. Ann. Supp. 1919, § 1246 [28 USCA § 391]) we gather the congressional intent to end the practice of holding that an error requires the reversal of the judgment unless the opponent can affirmatively demonstrate from other parts of the record that the error was harmless, and now to demand that the complaining party show to the reviewing tribunal from the record as a whole that he has been denied some substantial right whereby he has been prevented from having a fair trial."

Judgment affirmed.