## HERBERT v. BUTLER.

1. A paper incorporated in the record, and certified to be a part thereof by the court below, if it has all the requisites of a bill of exceptions, will be considered here as such, although it be otherwise entitled.
2. Where the burden of proof is on the plaintiff, and the evidence submitted to sustain the issue is such that a verdict in his favor would be set aside, the court is not bound to submit the case to the jury, but may direct them to find a verdict for the defendant.

ERROR to the Circuit Court of the United States for the Eastern District of New York.

This was an action brought by Herbert for money had and received for his use by Butler. Plea, general issue. The parties were the only witnesses in the case. Judgment for the defendant. Herbert sued out this writ of error.

The facts are stated in the opinion of the court.

*Mr. Jasper K. Herbert* for the plaintiff in error.
*Mr. Thomas J. Durant, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

There are two questions in this case: *first,* whether there is any bill of exceptions by which we are authorized to look into the proceedings at the trial; and, *secondly,* whether, if there is such a bill, there is any ground for reversing the judgment.

*First,* Is there a bill of exceptions? The document relied on by the plaintiff in error as constituting such a bill, and certified from the court below as part of the record, is appended to the record of the pleadings and judgment, and commences as follows : —

" The following case and exceptions is agreed on by the attorneys for Jasper K. Herbert, plaintiff, and Benjamin F. Butler, defendant." Then follow the title of the cause, a record

of the proceedings had, and the evidence given at the trial, including the rulings of the judge and the exceptions thereto; and the case thus presented closes with the judge's certificate, as follows: " Settled as within, pursuant to the above consent. Sept. 19, 1875. (Signed) Charles L. Benedict."

If this paper had been entitled a " bill of exceptions," instead of a " case and exceptions," there could not be any doubt that it would be a sufficient bill. It has all the requisites of a bill, except the mere name. A seal is not required, being expressly dispensed with by the act of 1872 (17 Stat. 197; Rev. Stat., sect. 953 ); and we had before decided that a seal is not essential in the courts of the United States. *Generes* v. *Campbell*, 11 Wall. 193. It has the sanction and signature of the judge, and, though settled after the trial, it was agreed upon by the parties; and hence it is free from objections which have prevailed in other cases. *Generes* v. *Bonnemer*, 7 id. 564; *Graham* v. *Bayne*, 18 How. 60. We think it is a sufficient bill of exceptions.

*Secondly*, Was any error committed in the ruling of the judge? The bill of exceptions shows that, after the evidence was concluded on both sides, the judge directed the jury to find a verdict for the defendant. To this direction the plaintiff excepted, and it is the only error assigned here. The evidence is all set out in the bill, and the question is, whether the judge erred in not submitting it to the jury.

We decided in *Improvement Company* v. *Munson* (14 Wall. 442) and *Pleasants* v. *Fant* (22 id. 116), that although there may be some evidence in favor of a party, yet if it is insufficient to sustain a verdict, so that one based thereon would be set aside, the court is not bound to submit the case to the jury, but may direct them what verdict to render. As the question is fully discussed in those cases, it is unnecessary to repeat the discussion here.

After carefully examining the evidence, we are of opinion that it justified the direction given.

The plaintiff testified, in substance, that G. B. Lamar, having obtained a judgment for $579,000 against the United States in the Court of Claims, and an appeal therefrom being pending in this court in October, 1873, Lamar employed him (the

plaintiff) to get the appeal dismissed, and agreed to give him $20,000 for doing so; that he (the plaintiff) thereupon employed the defendant to assist him, agreeing to divide his fee with him, to which the defendant consented; that thereupon the defendant proceeded and procured the dismissal of the appeal; that the plaintiff, not getting his fee, called on Lamar, who informed him that he had paid it to the defendant; that, on applying to the defendant, he admitted having received the money from Lamar, but denied that he had received any thing for the plaintiff.

The plaintiff further produced Lamar's check to the defendant's order for the sum of $25,000, dated April 16, 1874, and the defendant's receipt, dated April 17, 1874, in the following words:—

"Received, Washington, April 17, 1874, of Gazaway B. Lamar, twenty-five thousand dollars ($25,000), in full for retainer and services as counsel in the trial of his case against Albert G. Brown and others, in the Circuit Court of the United States for the First Circuit, at Boston, and also in the preparations of the bill of exceptions and entry of the same in the Supreme Court of the United States, and also for retainer and argument of motion to dismiss the case in the Supreme Court of the United States, appellant, against him, from the judgment of the Court of Claims, and services in preparing a motion for dismissing the appeal, this being in full of all services and demands due by said Lamar up to and including the date on which said appeal was dismissed.

"BENJ. F. BUTLER."

The defendant, in his testimony, admitted the fact that he was employed by Lamar, through the plaintiff, in the matter of dismissing the appeal; he also admitted the receipt of the $25,000, but stated that he received this money in settlement of his own services alone; that he had been engaged in various other professional matters for Lamar, both before and after the dismissal of the appeal, and that his fees for these services were all included in the amount; and that he never received any thing from Lamar for the plaintiff. In addition to this, he produced in evidence a letter from the plaintiff to himself, dated April 9, 1874, and his answer thereto, dated April 12, 1874, of which the following are copies:—

"LAW OFFICES OF HERBERT & WILBER,
"58 BROADWAY, NEW YORK, April 9, 1874.

"MY DEAR GEN.,—I am glad to see that Lamar's appeal is dismissed.

"He agreed with me to pay $20,000 to have it dismissed; this with me. I immediately went to Washington and employed you. When you asked me, 'What about fees?' I replied, 'You can have $5,000 or $10,000 if you like. I have an agreement with Lamar.' You said 'All right; on that assurance I will go to work;' and we started off for the Attorney-General's office.

"Subsequently you told Lamar that 'I (you) must command the ship, or you would not sail,' or words to that effect.

"Since that time I have left the matter with you.

"Now I want to have you understand in relation to this matter, as I stated to you before leaving Washington, that Lamar's agreement is for $20,000 to have the appeal dismissed. *I want you to collect the money and send me a check for any portion to which you may think me entitled.*

"I advised Lamar, when in Boston, to employ you and me in this case. The employment did not come until others had failed, which made it more difficult.

"Nevertheless, the agreement between L. and myself, before I would call on you in regard to it, was as I have stated.

"Lamar is in Washington, and I leave the balance to you.

"Yours truly,        J. K. HERBERT.
"Hon. B. F. BUTLER,
"Washington, D. C."

"HOUSE OF REPRESENTATIVES,
"WASHINGTON, D. C., April 12, 1874.

"SIR,—I have no power or authority to collect money in the case of Mr. Lamar, nor *can I collect your fees.*

"Very truly yours,        BENJ. F. BUTLER.
"J. K. HERBERT,
"58 Broadway, New York."

It was after this correspondence, and after the defendant had settled with Lamar, that the plaintiff (as testified by him) called on Lamar, and was informed by him that he had paid the defendant; and that the defendant, on being applied to, admitted the receipt of the money, but denied having received any thing for the plaintiff.

Now, it is evident from this outline of the evidence that upon the issue made by the pleadings, namely, whether the defendant received any money for the use of the plaintiff, there was no necessary conflict in their testimony.  The plaintiff may think that the defendant ought to have collected his (the plaintiff's) fees, as well as his own.  But he cannot deny that the defendant expressly refused to do so when applied to for that purpose; and he does not, for he cannot, deny that the defendant (as he says, and as his receipt shows) may, in fact, have settled his own fees alone.  Lamar's declaration cannot affect the defendant, especially in view of the express language of the receipt taken by him.  Therefore, as the burden of proof was on the plaintiff to sustain the issue, and as the whole evidence taken together does not sustain it on his part, but the only direct evidence on the subject — namely, the testimony of the defendant, and the receipt given by him to Lamar — is to the contrary, the judge properly directed the jury to find for the defendant.

The minor points in which there may have been a conflict in the testimony of the parties do not affect the main question.

*Judgment affirmed.*