## TREAT MANUFACTURING COMPANY *v.* STANDARD STEEL AND IRON COMPANY.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 358. Submitted March 25, 1895. — Decided April 8, 1895.

Where the trial judge is satisfied upon the evidence that the plaintiff is not entitled to recover, and that a verdict, if rendered for plaintiff, must be set aside, the court may instruct the jury to find for the defendant, and in such case no constitutional question arises; but if the court errs as matter of law in so doing, the remedy lies in a review in the appropriate court.

MOTION to dismiss. The case is stated in the opinion.

*Mr. Charles W. Needham*, *Mr. William G. Beale*, and *Mr. Edward S. Isham* for the motion.

*Mr. John S. Cooper* and *Mr. George H. Shields* opposing.

THE CHIEF JUSTICE: This was an action of trespass on the case. At the conclusion of the trial defendants moved the court to charge the jury to find the issues for defendants, which motion was granted, and the jury was directed, upon the whole case, to return a verdict for defendants, plaintiff duly excepting. Thereupon the jury returned a verdict accordingly; plaintiff moved for a new trial, which was denied,

and judgment was given against plaintiff on the verdict. This judgment was rendered December 3, 1890. The writ of error from this court was brought November 24, 1891. The only ground relied on to sustain the jurisdiction of this court is that the case " involves the construction or application of the Constitution of the United States ; " because plaintiff in error was deprived of the right of trial by jury. But it is well settled that where the trial judge is satisfied upon the evidence that the plaintiff is not entitled to recover, and that a verdict, if rendered for plaintiff, must be set aside, the court may instruct the jury to find for the defendant. *Grand Chute* v. *Winegar*, 15 Wall. 355 ; *Marion County* v. *Clark*, 94 U. S. 278 ; *Herbert* v. *Butler*, 97 U. S. 319.

If the court errs as matter of law in so doing, the remedy lies in a review in the appropriate court.

*Writ of error dismissed.*