### BUSBY v. ANDERSON WATER, LIGHT & POWER CO.

(Circuit Court of Appeals, Fourth Circuit.    February 21, 1905.)

#### No. 564.

TRIAL—DIRECTION OF VERDICT—FAILURE TO PROVE MATERIAL ALLEGATION.

Where, in an action to recover for personal injuries alleged to have been received by plaintiff, while in defendant's employ as a servant, through the failure of defendant to furnish suitable and safe appliances for use in unloading a heavy piece of machinery, the only evidence was that introduced by plaintiff, which showed, without conflict, that at the time of the injury plaintiff was assisting an independent contractor, who was transporting and delivering the machinery, and that he had never been employed by defendant, the court properly directed a verdict for defendant, since, without proof of the relation of master and servant, a verdict for plaintiff could not have been sustained.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 146; vol. 46, Cent. Dig. Trial, §§ 379–389.]

In Error to the Circuit Court of the United States for the District of South Carolina, at Greenville.

B. F. Martin, for plaintiff in error.

T. Moultrie Mordecai and Simon Hyde, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. In this action the plaintiff in error, who was also the plaintiff in the court below, seeks to recover of the de-

fendant in error damages for personal injuries.  The Anderson Water, Light & Power Company, the defendant in error, is a corporation under the South Carolina laws, and in the year 1901 was constructing an electric power plant at a place called "Portman Shoals," on the Seneca river, in Anderson county, S. C.  The location of the plant was several miles distant from the railway station, and the machinery for its equipment had to be transported on wagons from the railroad to Portman Shoals.  In his complaint the plaintiff in error alleges, in substance, that, on or about the 19th day of January, 1901, being at the time employed as a servant of the defendant company, and engaged by its direction in assisting to unload from a wagon a piece of machinery weighing about 7,000 pounds, because of the negligence of the defendant in not furnishing safe and proper appliances for the work, and its failure to provide help sufficient to safely handle the piece of heavy machinery, the same slipped and fell upon plaintiff, crushing his foot and leg so that amputation became necessary.  On the trial the defendant offered no evidence, but, at the conclusion of plaintiff's testimony, requested the court to direct a verdict for defendant on the ground that the testimony of the plaintiff was not sufficient, in law, to sustain his contention.  The court so held, and, in obedience to instructions, the jury returned a verdict for the defendant, and the case comes here by writ of error.

There are several assignments of error, but they are all based on the ruling of the court that, upon the plaintiff's testimony, he was not entitled to recover.  The question of primary importance in the case was whether the plaintiff was in the employment of defendant at the time of the injury.  The burden was upon the plaintiff to prove this as a fact, by sufficient evidence.  Upon examination of the testimony in the record, we find that the plaintiff not only failed to establish the fact that he was employed by the defendant company, but by his own witnesses it was shown that the company had contracted with one J. R. Williamson to haul the machinery from the railroad station and deliver it at the plant; that Williamson was an independent contractor; and that the company did not retain the control or direction of his work.  It is true, it was shown that, after Williamson made the contract and undertook its performance, bad weather so affected the roads that he found he was losing money, and the president of the company, in order to induce him to go on with the work, assured him that he should not lose by it, and it is also true that an arrangement was made by which the company furnished the money to meet Williamson's pay rolls and other expenses incident to his work; and thereupon the plaintiff insists that the court should have permitted the jury to pass upon the question as to whether the work of transporting the machinery at the time of the injury was being conducted by Williamson as an independent contractor, or whether the contract had been abrogated, and the work was being carried on by the defendant company itself.  But in our opinion there is not sufficient evidence to warrant the conclusion that the contract between Williamson and the company, except in so far as it related to payment, was modified, or the relation between them, of contractee and independent contractor, changed.  The plaintiff's testimony shows that he assisted in unloading the machinery which injured him at the instance of Williamson's son, who was in charge of the

wagons and hands engaged in the work, as the agent of his father, J. R. Williamson, the contractor. Aside from this, the evidence to support the allegation that the plaintiff was employed at all was exceedingly meager. He testified himself that he was passing along the road near the power plant about dark, and that he met the wagon on which the heavy machinery was loaded; that Jeff Williamson, son of J. R. Williamson, who was in charge, told him that he was short of hands, and requested plaintiff to accompany him and assist in unloading the machinery, which he did. Plaintiff had not been employed before in this work, and there was nothing whatever said about compensation for his service. J. R. Williamson, who was a witness for plaintiff, when asked upon his examination if he did not have Busby in his employ, answered positively, "No, sir." A reasonable deduction to be drawn from these facts and circumstances is that plaintiff was not an employé, but that he was voluntarily assisting Williamson, who, the testimony shows, was his relative, in an emergency. However, in our opinion, it is not necessary to discuss this view, for, if it be a fact that plaintiff was Williamson's employé, the failure to prove that Williamson was an agent of the company whose acts would bind the company, and for whose negligence the company would be liable, leaves plaintiff's case without a foundation to support it.

The question as to the powers of the trial judges in the courts of the United States to direct verdicts has been so often before the courts that the principles of law relating to it seem to be well defined; and whilst, as in Texas Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829, it is held that "a case should not be withdrawn from the jury unless the conclusion follows, as a matter of law, that no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish," it is equally well settled that the trial judge is authorized to direct a verdict for the defendant when, after giving to the plaintiff's testimony all the weight to which it is entitled, and granting all the inferences which can be properly drawn from it, he is of the opinion that the same is insufficient, in law, to warrant a recovery, and that, if a verdict were returned for the plaintiff, he would feel constrained to set it aside. This principle is supported by a number of decisions of the Supreme Court and also of the Circuit Courts of Appeals of the United States. Among them we cite Commissioners of Marion County v. Clark, 94 U. S. 278, 24 L. Ed. 59, in which the court says, "A court is not required to submit evidence to the jury, unless it be of such character as would warrant a verdict for the party producing it, and upon whom the burden of proof is imposed." And in Herbert v. Butler, 97 U. S. 319, 24 L. Ed. 958, it is held that "where the burden of proof is on the plaintiff, and the evidence submitted to sustain the issue is such that a verdict in his favor would be set aside, the court is not bound to submit the case to the jury, but may direct them to find a verdict for the defendant"; and the same principle is reiterated in Treat Manufacturing Company v. Standard Steel & Iron Company, 157 U. S. 674, 15 Sup. Ct. 718, 39 L. Ed. 853.

In the case before us there was no conflict of testimony, as the evidence, which was altogether on the part of plaintiff, was substantially in

harmony. In this situation, the proposition of law as to whether or not the testimony was sufficient to warrant a recovery was squarely presented. There are several other questions which would have entered into the case, had the relation of master and servant been established between the defendant and the plaintiff; one in regard to the character of the appliances used in unloading the machinery—whether or not the same were suitable and sufficient for the purpose, and, in case they were insufficient, whether or not the plaintiff undertook to use the same with a knowledge of their defects; and the same question would arise in considering whether there were a sufficient number of fellow servants to carry on the work. But we do not think that it is necessary to go into the discussion of these questions, for it is our opinion that the plaintiff failed to make out his case upon the first allegation, that he was a servant of the defendant.

The judgment of the Circuit Court is therefore affirmed.