## KRAUSS BROTHERS LUMBER COMPANY *v.* MELLON ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 342.   Argued March 7, 1928.—Decided April 9, 1928.

Exhibits sent by the trial court to the reviewing court may be identified and made part of the bill of exceptions by appropriate reference in the bill itself.   P. 391.

18 F. (2d) 369, reversed.

CERTIORARI, 275 U. S. 513, to a judgment of the Circuit Court of Appeals, which affirmed the judgment of the District Court in an action on a reparation order made by the Interstate Commerce Commission.   The court below refused to pass on the merits, upon the ground that evidence involved was not in the bill of exceptions.

*Mr. Brenton K. Fisk,* with whom *Messrs. Harry S. Elkins* and *J. P. Mudd* were on the brief, for petitioner.

*Mr. Alex. M. Bull,* with whom *Messrs. Sidney P. Smith* and *Sidney F. Andrews* were on the brief, for respondents.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Krauss Brothers Lumber Company is a corporation engaged in the wholesale lumber business, to whom the Interstate Commerce Commission, on the complaint of the company, ordered the respondent railroad companies, the Mobile & Ohio Railroad and the Alabama Great Southern Railroad Company, to pay reparation in the amount of $10,356 because of unlawful demurrage charges illegally collected.   The sole issue was whether any such power had been vested in the Commission as would give it juris-

diction to decide that the charges should be refunded. Upon the Commission's decision that it had such power, the parties, following its suggestion, filed formal stipulations under Rule V of the Commission's practice admitting the amounts of the charges, the illegality of which had been declared by the Commission; and thereupon the reparation order was made.

The view of the defendants was that the Commission had no power to order a return of these demurrage charges, since by the common law, quite outside the functions and powers of the Commission, a carrier could reject a tender of goods for initial transportation while there were existing embargoes, and in the same way could reject a demand for reconsignment to points embargoed at the time of initial acceptance for shipment, and so demurrage had accrued until the consignees accepted actual delivery of the goods. Payment not having been made on or before December 28, 1922, as directed by the Commission, the present suit was filed by the petitioner as plaintiff against the respondents as defendants on March 20, 1923, in the United States District Court for the Northern District of Alabama. The complaint conformed to the provisions of § 16 of the Interstate Commerce Act, and contained the findings and order of the Commission as a part thereof.

The case came on for trial, demurrers to the complaint were overruled, additional counts were inserted by amendment and a demurrer to them was also overruled. Thereupon the shipper, as plaintiff, duly introduced in the evidence the Commission's original finding and other Commission proceedings, and closed its case. The respondents, over the shipper's objection that the same were incompetent, were permitted to put in evidence the original pleadings before the Commission, and the testimony and other exhibits taken and filed in the Commis-

sion's proceedings. Thereupon the respondents closed their case and the shipper duly moved for a directed verdict, which motion was overruled by the District Court and an exception noted. The respondents thereupon moved for a directed verdict, which motion was granted and the shipper duly excepted.

A writ of error from the Circuit Court of Appeals for the Fifth Circuit was then duly taken. The exhibits filed by the respondents were exceedingly voluminous, there being, among other things, a complete file of embargo circulars included as a part of the evidence which had been placed before the Commission in the hearings before it. The defeated party was anxious to avoid the printing of exhibits, which it did not deem of use to the reviewing court in passing on what it considered the only issue in the case, and attempted to secure this through stipulation of counsel and by an order of court. When the case reached the Circuit Court of Appeals, it declined to pass upon the merits of the case, for the following reason:

" From the above it is plain that all of the evidence upon which the case was tried is not in the bill of exceptions. The order of Court sending up the documents in the original does not purport to make them a part of the bill of exceptions, the rule of this court could not incorporate them therein, and the agreement of counsel expressly excludes them.

"As applicable to the deficiency of the record here shown the well settled rule is this. Depositions, exhibits or certificates not contained in the bill of exceptions can not be considered even though found in the printed transcript. The parties by their affidavits or agreements can not cause that to become a bill of exceptions which is not such in a legal sense. Where instructions of the court are assigned as error on a motion to direct a verdict or otherwise, unless the entire evidence pertinent to the

question is in the bill, the Appellate Court must presume that the omitted evidence justified the instruction."

Except as modified by statute, the rules as to bills of exceptions in the federal courts are the same as they were at common law. By § 17 of the Judiciary Act of 1789, ch. 20, 1 Stat. 73, 83, all the courts of the United States were given power to grant new trials in cases where there had been a trial by jury, for reasons for which new trials had usually been granted in the courts of law. This was held to adopt the common law rule on the subject. *Parsons* v. *Bedford,* 3 Pet. 433. Prior to the statute of Westminster II, 13th Edw. I, ch. 31, a writ of error at common law could be had only for an error apparent on the face of the record, or for an error in fact such as the death of a party before judgment, but by that old statute, which is now to be treated as common law, it was provided that exceptions might, by bills of exceptions, be made a part of the record and so be reached by the writ of error. In this way so much of the facts of the case as was necessary to make plain the question of law on which the exception was founded, was incorporated in the record, but the trial justice, as a witness to the bill, had to put his seal to the instrument and, in the reviewing court, might be commanded to appear at a certain date either to confess or deny his seal, and then if he could not deny his seal the court of review proceeded to judgment according to the same exception as it ought to be allowed or disallowed. *Nalle* v. *Oyster,* 230 U. S. 165, 176, 177; *Duncan* v. *Landis,* 106 Fed. 839, 844; *Defiance Fruit Co.* v. *Fox,* 76 N. J. L. 482, 489.

By the Act of June 1, 1872, ch. 255, 17 Stat. 196, 197, it was provided that a bill of exceptions allowed in any cause should be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried or by the presiding judge thereof, if more than one judge sat

at the trial of the cause, without any seal of the court annexed thereto, and this became § 953 of the Revised Statutes. Since the passage of that Act, it is not necessary to seal a bill of exceptions. *Herbert* v. *Butler,* 97 U. S. 319, 320; *Maloney* v. *Adsit,* 175 U. S. 281, 285, but the signature is still necessary. *Origet* v. *United States,* 125 U. S. 240; *United States ex rel. Kinney* v. *United States Fidelity & Guaranty Co.,* 222 U. S. 283.

Strict requirements are thus insisted on so as to make certain that the reviewing court shall have before it an accurate account of the evidence or exhibits, which were before the trial court in the original hearing of the issues of the case, properly certified.

The same strictness prevails as to including in the bill the evidence upon which reliance is had to justify the exception, if not included in the original record. In many cases the error complained of rests on a negative showing that there was no evidence adduced at the trial upon which the ruling of the court complained of could be predicated. If a motion is made in the trial court to take the case from a jury, or other fact-finding tribunal, and direct a verdict or give judgment on the ground that, as a matter of law, only one verdict or judgment can be reached, it must appear that in the bill of exceptions is contained all the evidence actually adduced before the trial court. It has always been ruled in such a case that if the bill of exceptions does not contain all the evidence, it will be presumed that the evidence omitted was sufficient to justify a refusal to grant the motion. *Russell* v. *Ely,* 2 Black 575, 580; *City* v. *Babcock,* 3 Wall. 240, 244; *Grand Trunk Railway Co.* v. *Cummings,* 106 U. S. 700, 701; *Texas & Pacific Railway Co.* v. *Cox,* 145 U. S. 593, 606; *Hansen* v. *Boyd,* 161 U. S. 397, 403; *United States* v. *Copper Queen Mining Co.,* 185 U. S. 495, 498; *Nashua Savings Bank* v. *Anglo-American Co.,* 189 U. S. 221, 231. By

this it is not meant that the evidence shall be set forth at length in the words of the witnesses, and of the writings and documents admitted, but only that the purport and substance of all of it be included.   In setting it forth, regard should be had to the requirements of paragraph 2 of Rule 4 of the Rules prescribed by this Court.   222 U. S., Appendix, p. 8.   *Lincoln* v. *Claflin,* 7 Wall. 132, 136; *Zeller's Lessee* v. *Eckert,* 4 How. 289, 297, 298.

The question here arises because of the alleged omission of certain exhibits from the bill of exceptions, which the petitioner contended were not relevant to the issue.   Because of this, the Circuit Court of Appeals, of its own motion, and not by request or consent of either party, applied the rule above stated.   We do not think, however, that the bill of exceptions can be said to have omitted these exhibits or to have prevented the Circuit Court of Appeals from considering them with all the evidence.   The bill of exceptions recites that in the trial both parties appeared by counsel, the jury was impaneled, and that there were introduced in evidence by the plaintiff exhibits 1, 2, 3, 4, 5 and 6, all as described; that they were admitted, subject to objection and exception as irrelevant, and the objection was overruled; and that the defendants offered exhibits No. 7, No. 8, No. 9, No. 10, No. 11 and No. 12, all as described, and as containing all the testimony, and also exhibits offered at the hearing before the Interstate Commerce Commission, and that the plaintiff objected to the introduction of all those exhibits from No. 7 to No. 12, and that this objection was overruled and an exception noted.   The bill of exceptions then concluded as follows:

" The plaintiff's exhibits referred to as Exhibit No. 1, Exhibit No. 2, Exhibit No. 3, Exhibit No. 4, Exhibit No. 5, and the defendants' Exhibit No. 12 are hereinafter set forth fully as a part of this bill of exceptions.   By virtue of an order of the Presiding Judge W. I. Grubb, plaintiff's

Exhibit No. 6 and the defendants' exhibits numbers 7, 8, 9, 10 and 11, respectively, are omitted from this bill of exceptions in order that they may be sent by the Clerk of the lower court, in compliance with the said order of the Presiding Judge, direct to the Court of Appeals.

"This was all the evidence in the case.

(Signed)          W. I. GRUBB."

This was followed by the stipulation signed by the attorneys for both plaintiff and defendants, and the order of the Court, the latter being that referred to in the bill of exceptions, as follows:

"It appearing to the court that in this cause it is necessary and proper in the opinion of the court that certain original papers and documents should be inspected in the Circuit Court of Appeals upon writ of error by said court:

"It is therefore ordered that the following papers, to wit: Exhibits 6 to 11, inclusive, referred to and described in the bills of exceptions, be transmitted by the Clerk of this court to the Clerk of the Circuit Court of Appeals at New Orleans, La., and returned after the disposition of the writ of error to the Clerk of this Court.

"The parties to this cause by their respective counsel do hereby stipulate and agree as follows:

"That the plaintiff's exhibit No. 6 and that the defendants' exhibits 7, 8, 9, 10 and 11, may be omitted from the bill of exceptions, and sent by the Clerk of the trial court direct to the Court of Appeals in their original form, and further that the exhibits need not be printed in the record. This agreement is made in conformity with an order of the trial court by the presiding judge that said exhibits, viz: 6, 7, 8, 9, 10 and 11 shall be omitted from the record, and sent direct by the Clerk of the trial court to the Court of Appeals."

While the rule, as we have shown by its history, in respect to the inclusion of all the evidence in the bill of

exceptions must be respected, we must give the recitals of the bill a reasonable construction. *Kleinschmidt* v. *McAndrews,* 117 U. S. 282, 286; *Waldron* v. *Waldron,* 156 U. S. 361. While it may be said that the form in which this bill of exceptions is sent up is in its parts slightly inconsistent in itself and apparently self-contradictory, it is clear that the bill as signed by the trial judge, and read in the light of the order which is referred to and identified in the bill, brought and was intended to bring to the appellate court all of the evidence heard in the court below, and all the exhibits, even those said in it to be omitted therefrom which were *ex industria* sent by order of the court to the court above for that court's examination. We think that by the references in the bill the exhibits separately sent by order of the trial court to the Circuit Court of Appeals are sufficiently identified as part of the bill. They were omitted from the bill in the sense only that they were to be sent separately from the rest of the bill to the reviewing court, perhaps with a view, rightly or wrongly, to avoiding the necessity of printing them. But the certificate of the judge certainly included them in the bill when, after expressly referring to them, he said " This was all the evidence in the case." To be sure, it is well settled that exhibits found in the record, or even annexed to a bill of exceptions, when not attached to it by way of identifying them as intended to be part of it, can not be treated as such. *Bank* v. *Kennedy,* 17 Wall. 19, 29; *Reed* v. *Gardner,* 17 Wall. 409, 411; *Jones* v. *Buckell,* 104 U. S. 554; *Hanna* v. *Maas,* 122 U. S. 24.

But in *Leftwitch* v. *Lecanu,* 4 Wall. 187, on page 189, Mr. Justice Miller, while exemplifying this principle, said in rejecting a bill of exceptions:

" If a paper which is to constitute a part of a bill of exceptions, is not incorporated into the body of the bill,

it must be annexed to it, or so marked by letter, number, or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions."

And again, in *Jones* v. *Buckell, supra,* at 556, Chief Justice Waite, in making a similar ruling, said:

" Of course, evidence may be included in a bill of exceptions by appropriate reference to other parts of the record, and if that had been done here it might have been enough."

As we have said, we think the identifying references, in the bill, to the exhibits are sufficient.

The result is that the Circuit Court of Appeals should have considered the issues before it on the bill of exceptions as containing all the evidence below, and that the dismissal for lack of it was erroneous.

The judgment is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings.

*Reversed.*