**GEORGE A. OHL & CO. v. A. L. SMITH IRON WORKS (two cases).**

Nos. 2537, 2538.

Circuit Court of Appeals, First Circuit.

March 22, 1932.

Lee M. Friedman, of Boston, Mass. (Louis B. King and Friedman, Atherton, King & Turner, all of Boston, Mass., on the brief), for appellant.

Martin Witte and Robert Gallagher, both of Boston, Mass. (Samuel Abrams, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

These suits are counter actions involving a contract for the manufacture and sale of a heavy power press or brake for the bending and shaping of metal.

George A. Ohl & Co., plaintiff in the first action and defendant in the second action, is a corporation organized under the laws of the state of New Jersey, with a place of business in Newark in said state. It is engaged in the manufacture of different kinds of machines for stamping, rolling, bending, and cutting sheet metal products.

The A. L. Smith Iron Works is a Massachusetts corporation having a place of business in Chelsea in said commonwealth. It is engaged in structural steel and ornamental iron business. One of its principal lines is the fabrication and installation of metal stair stringers, treads and rails used in the construction of stairways in large buildings.

The subject of litigation between the parties is a machine for fabricating such stair material.

From the pleadings and arguments of counsel, it appears that on November 24, 1925, the Smith Company wrote to the Ohl Company ordering a press to be manufactured according to specifications previously furnished by the Ohl Company. The purchase price of the press with certain accessories and dies was $12,009.68. The terms of payment were $1,000 cash with order, $1,000 when the machine was ready for delivery, $250 cash with the order for dies, and the balance of $9,759.68 by 18 notes, the first note for $545.68 and 17 notes for $542 each, the first note payable thirty days from the date thereof and the remaining notes at intervals of one month each or sooner.

This contract was put in writing and bears date of March 1, 1926. On March 9, 1926, the following rider was physically attached to the contract:

"Newark, N. J., March 9, 1926.

"We hereby guarantee that the 12' 6"—103,000 Power Press has a capacity stated in our specifications of said press, namely 3/8" steel on square Dies the female of which measures 3" across the corners and that the material and workmanship are of the best.

"Geo. A. Ohl & Co.,

"F. J. Wepler, Secretary."

From the pleadings in the case, it appears that the machine was completed, shipped, and installed in the Smith Company's factory in March and first operated April 15, 1926; that it was unsatisfactory in several particulars and the Smith Company refused to pay the last twelve notes aggregating $6,404 with interest and protest fees.

The first action, No. 2537, was brought by the Ohl Company against the Smith Company to recover on the above-mentioned notes.

In its answer the Smith Company, after pleading the general issue, set up want of consideration and failure of consideration.

Upon being called upon for specifications, the Smith Company set out in detail the particulars in which it claimed the machine failed to meet the requirements of the guarantee in the rider attached to the contract.

The second action, No. 2538, brought by the Smith Company against the Ohl Company, set out the guaranty and breach of the same.

The answer of the Ohl Company admitted the contract and its terms, denied all other allegations, and set up an examination and acceptance by the Smith Company in satisfaction of all warranties.

The pleadings in the case appear to be in form to raise the issues between the parties. The two cases were tried together before a jury. In 2537, Ohl Co. v. Smith Company, there was a verdict for the defendant. In 2538, Smith Co. v. Ohl Co., there was a verdict for the plaintiff for $7,500.

Judgments were entered in the District Court upon these verdicts.

The Ohl Company alleged errors and filed in the District Court a document headed "Bill of Exceptions." The document does not bear the signature of the district judge. The so-called bill of exceptions is signed by the attorneys and is initialed by the district judge as follows:

"By Friedman, Atherton, King
&amp; Turner,

"Its Attorneys.

"Assented to.

"Martin Witte,

"Robert Gallagher,

"Attorneys for A. L. Smith
Iron Works.

"Allowed August 20, 1930.

"J. A. L., D. J."

Counsel for the Smith Company take the position that there is a fatal defect in the record, in that the bill of exceptions filed by the Ohl Company is not properly authenticated, and for this reason they move that the bill of exceptions be stricken from the record.

They further take the position that there is no certificate by the judge to the effect that the bill of exceptions contains all the material evidence in the case.

Congress by section 4 of the Act of June 1, 1872, c. 225, 17 Stat. 197, now section 953 of the Revised Statutes (28 USCA § 776), enacted as follows: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof if more than one judge sat at the trial of the cause, without any seal of court or judge annexed thereto."

The Supreme Court of the United States in construing this statute has held that initials of the trial judge do not constitute an authentication sufficient to enable an appellate court to consider exceptions on review. Origet v. United States, 125 U. S. 240, 244, 8 S. Ct. 846, 848, 31 L. Ed. 743. In this case a paper headed "Bill of Exceptions" not bearing the signature of the judge, but containing at its foot these words, "Allowed and ordered on file November 22, '83, A. B." was before the court for consideration. Mr. Justice Blatchford, delivering the opinion of the court, says: "This provision merely dispensed with the seal. The necessity for the signature still remains. We cannot regard the initials 'A. B.' as the signature of the judge, or as sufficient authentication of the bill of exceptions, or as sufficient evidence of its allowance by the judge or the court. Therefore the questions purporting to be raised by the paper cannot be considered."

In the case of Kinney v. United States Fidelity & Guaranty Co., 222 U. S. 283, 32 S. Ct. 101, 102, 56 L. Ed. 200, Chief Justice White, commenting on a like situation, says: "The paper in the record styled 'Exceptions to the Charge to Jury,' initialed 'J. B. McP., trial judge' and signed by the plaintiff, is not a bill of exceptions."

In the case of Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163, it was held that allowing and signing a bill of exceptions is a judicial act, which can only be performed by the judge who sat at the trial; and section 953 of the Revised Statutes (28 USCA § 776) is intended to provide and does provide that no bill of exceptions can be deemed sufficiently authenticated unless signed by the judge who sat at the trial or by the presiding judge if more than one sat.

This case was decided December 4, 1899. Following its decision Congress on June 5, 1900, amended Rev. St. 953 (28 USCA § 776) by adding a provision allowing, in case of death of the presiding justice, another judge to pass upon the bill of exceptions if the evidence in such case has been taken in stenographic notes, or if the judge is satisfied by any other means that he can allow a true bill of exceptions.

In the case of Krauss Bros. Lumber Co. v. Mellon, 276 U. S. 386, 48 S. Ct. 358, 359, 72 L. Ed. 620, decided by the Supreme Court April 9, 1928, Chief Justice Taft after quoting in part section 953 of the Revised Statute says: "Since the passage of that act, it is not necessary to seal a bill of exceptions (Herbert v. Butler, 97 U. S. 319, 320, 24 L. Ed. 958; Malony v. Adsit, 175 U. S. 281, 285, 20 S. Ct. 115, 44 L. Ed. 163), but the signature is still necessary." Citing the Origet and Kinney Cases above mentioned.

Counsel for the Ohl Company takes the position that because the so-called "Bill of Exceptions" was assented to by counsel for the A. L. Smith Iron Works, therefore we should treat it as a bill of exceptions, even though not signed by the district judge.

Quoting from the opinion of the Circuit Court of Appeals in the case of Krauss Bros. Lumber Co. v. Mellon, supra, Chief Justice Taft says: " 'As applicable to the deficiency of the record here shown, the well-settled rule is this. Depositions, exhibits, or certificates not contained in the bill of exceptions cannot be considered even though found in the printed transcript. The parties by their affidavits or agreements cannot cause that to become a bill of exceptions which is not such in a legal sense.' "

The action at bar was tried before a jury and a verdict rendered May 7, 1929. The so-called bill of exceptions was initialed by the judge August 20, 1930. The term of court during which the case was tried and the one during which the bill of exceptions so called was presented for the judge's signature has long since terminated.

In the case of Oxford & Coast Line R. Co. v. Union Bank of Richmond, Va. (C. C. A.) 153 F. 723, 728, it was held that a bill of exceptions cannot be considered by an appellate court unless it was duly presented to and allowed by the trial judge during the term at which the trial was had or within the time as extended by an order made during such term. Pritchard, Circuit Judge, says: "While it is not the policy of the court to dismiss writs of error and cases on appeal on account of slight technicalities, at the same time, the rules of this court, as well as the rules of the Circuit Court, are plain

and easily understood. In this instance the provision of the statute relating to the question at issue is mandatory and must be enforced. It is encumbent upon attorneys who practice in the federal courts to observe and strictly follow the rules of practice and procedure in preparing and presenting bills of exceptions." Citing Michigan Insurance Bank v. Eldred, 143 U. S. 298, 12 S. Ct. 450, 36 L. Ed. 162.

See Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; Knight v. Illinois Central R. Co. (C. C. A.) 180 F. 368. Realty Acceptance Corp. v. Montgomery, 52 S. Ct. 215, 76 L. Ed. ——, decided by the Supreme Court, February 15, 1932.

In the Origet and Kinney Cases, above cited, the Supreme Court was interpreting an Act of Congress and in so doing it held that a bill of exceptions was not sufficiently authenticated unless signed by the judge of the court, and that the initials of the judge do not satisfy the provisions of the statute. We are bound by this ruling of the Supreme Court. It is too late to send the case back for amendment, as the term at which the judgments were entered has expired, and the District Court has lost jurisdiction of the case. Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129; Delaware, L. & W. R. R. v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439. We see no escape from an order affirming the judgments of the District Court.

In No. 2537, the judgment of the District Court is affirmed, with costs; and in No. 2538, the judgment of the District Court is affirmed, with interest and costs.