**BALDWIN et al. v. MYERS.**

No. 9974.

Circuit Court of Appeals, Eighth Circuit.

Jan. 28, 1935.

Rehearing Denied March 12, 1935.

William L. Curtis, of Fort Smith, Ark. (Thomas B. Pryor, of Fort Smith, Ark., on the brief), for appellants.

D. H. Howell, of Van Buren, Ark., for appellee.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges

GARDNER, Circuit Judge.

In this case, appellants, as trustees in bankruptcy and representatives of the Missouri Pacific Railroad Company, brought this action against appellee upon two causes of action. In the first cause of action they seek to recover for an alleged undercharge on a shipment of oranges and grapefruit transported from Winter Haven, Fla., to Van Buren, Ark. In the second cause of action, they seek to recover for certain detention charges on sixteen cars held at Clarksville, Ark.

The record is a peculiar one. It contains what purports to be a bill of exceptions, comprising some eight pages of the printed transcript of record. This purported bill of exceptions does not bear any order of certificate of the trial judge, purporting to allow or settle it as a bill of exceptions. The only instrument purporting to be a certificate by the trial judge appearing in the record is as follows:

"At the close of the testimony the defendant demurred to the evidence as it applied to 15 of the 16 cars going to make up the aggregate of the amount sued for by plaintiffs in count 2 of their complaint, and the court sustained said demurrer, and under the direction of the court, the jury returned a verdict in favor of the plaintiffs for $11.25 on count 2 of plaintiffs' complaint; to the action of the court, both as to count number 1 and count number 2, the plaintiffs at the time excepted.

"Heartsill Ragon, Judge."

This document does not even purport to authenticate, allow, or settle the so-called bill of exceptions, nor to certify that it is a bill of exceptions containing any part of the evidence offered or the proceedings had and taken, nor that exceptions to rulings during the trial were taken and saved as appears therein.

The errors assigned challenge the rulings of the court in holding that plaintiffs were not entitled to recover on count 1, and in holding that plaintiffs were entitled to recover only $11.25 on count 2. To determine this question, it would be necessary to consider the evidence introduced, and hence the authentication or certificate of the trial judge should show that the record contains all of the material evidence on the issue raised.

The statute, 28 USCA § 776, requires that the trial judge allow and sign the bill of exceptions. It may be said that the instrument purporting to be a bill of exceptions in the instant case has been signed by the trial judge, but it has certainly not been "allowed," and as said by the Circuit Court of Appeals of the Tenth Circuit in Lindner Packing & Provision Co. v. Kokrda, 54 F.(2d) 31: "The settling of a bill of exceptions is a judicial act. The act itself, as well as the words of the statute, teaches that it is more than clerical."

See, also, Krauss Bros. Lbr. Co. v. Mellon, 276 U. S. 386, 48 S. Ct. 358, 72 L. Ed. 620; Osborn v. United States (C. C. A. 4) 50 F.(2d) 712; McCuing v. Bovay (C. C. A. 8) 60 F.(2d) 375; Warren v. United States (C. C. A. 8) 183 F. 718, 33 L. R. A. (N. S.) 800; Harkline v. United States (C. C. A. 8) 4 F.(2d) 526.

As there is no properly settled and authenticated bill of exceptions in the record, we are powerless to review the alleged erroneous rulings of the lower court. Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co. (C. C. A. 8) 68 F.(2d) 787; Nolan v. United States (C. C. A. 8) 75 F.(2d) 65.

As error will not be presumed, but must be affirmatively established by appellants, we must presume that the evidence amply sustained the judgment as entered, and it is therefore affirmed.