ROBERTS et al. v. NATIONAL SAV. LIFE INS. CO. et al.*

No. 10074.

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1935.

V. D. Willis and Ben C. Henley, both of Harrison, Ark., for appellants.

Robert C. Foulston and George Siefkin, both of Wichita, Kan., and J. Loyd Shouse, of Harrison, Ark., for appellees.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action brought by appellees as plaintiffs to recover upon a bond executed by the First National Bank of Harrison, Ark., as principal, and by the appellants G. C. Coffman, A. T. Hudspeth, J. L. Sims, L. C. Holt, and T. L. Jackson as sureties.

It is alleged in the complaint that the First National Bank of Harrison, Ark., and the individual defendants executed to the National Savings Life Insurance Company their depository bond in the penal sum of $10,000, by which they guaranteed to the National Savings Life Insurance Company the return of all funds deposited and the faithful accounting for all money deposited with the said First National Bank by the said National Savings Life Insurance Com-

pany; that thereafter the said insurance company deposited with the said bank the sum of $5,000, which was evidenced by a certificate of deposit; that of said sum there was later withdrawn the sum of $1,240.95, leaving a balance on deposit with said bank in the sum of $3,755.05; that default was made in the payment of this balance; that the bank became insolvent and was taken over by the state bank commissioner of the state of Arkansas.

The individual defendants answered, denying the corporate existence of the National Savings Life Insurance Company, and denying its authority to do business in the state of Arkansas; denying that the plaintiff Wheeler-Kelly-Hagny Trust Company was a Kansas corporation, or that it had been appointed receiver of the National Savings Life Insurance Company, or that it was authorized to act as receiver; denying that the bond was issued in consideration of deposits made by the National Savings Life Insurance Company in the First National Bank of Harrison, Ark., and denying that the First National Bank of Harrison executed the bond; denying the deposit; and denying the default. The answer admits that the individual defendants executed the bond, but alleged that it was so executed without consideration; that the National Savings Life Insurance Company had made settlement for their said deposit, thereby releasing and discharging the individual defendants; that the defendants had made demand upon the Wheeler-Kelly-Hagny Trust Company, receiver of the National Savings Life Insurance Company to bring suit against the principal, First National Bank of Harrison, Ark.; that this had not been done, and said defendants were therefore discharged.

On agreement of the parties, the action was tried to the court without a jury. At the conclusion of the trial, defendants filed written request for findings of fact and a request for the following as alleged declarations of law:

"1. A material change in the duties or obligation of a principal on a bond such as is sued on herein, by contract, entered into after the execution of the original bond sued on, discharges the sureties on the original bond.

"2. These defendants are sureties or guarantors on the obligation sued on.

"3. A stipulation for the payment of interest amounts to a material change in the duties of the principal where a prior con-

tract of suretyship did not stipulate for the payment of interest."

These requests were denied, and the court entered judgment in favor of the plaintiffs on a general finding, and defendants have appealed, assigning various errors which challenge the sufficiency of the evidence to sustain the judgment, the only one requiring attention being as follows:

"That the judgment of the court was contrary to both the law and facts and more fully in the following particulars:

"(A) That the court erred in finding as a matter of fact that there was no new obligation entered into between the plaintiff and Peoples Savings Bank, in the form of certificates of deposit without the consent of defendants.

"(B) That the court erred in finding as a matter of fact that there was no material change in the original obligation of the parties plaintiff and defendant.

"(C) That the court erred in finding as a matter of fact that the plaintiff failed, neglected, and refused to bring suit against the principal on the obligation sued on, after defendants had properly notified it to do so, under sections 8287 and 8288 of Crawford & Moses' Digest of the laws of the State of Arkansas.

"(D) That the court erred in finding as a matter of law that the defendants were not discharged on the original obligation, since after its execution by defendants, plaintiff entered into a new contract of deposit with the Peoples Savings Bank.

"(E) That the court erred in finding as a matter of law that the defendants were not discharged on the obligation, after plaintiff refused to sue the First National Bank after notice from the defendants.

"(F) That the court erred in finding as a matter of law that the defendants were not discharged on the bond sued on, after plaintiff had entered into a stipulation with the Peoples Savings Bank for payment of interest on the deposit which amounted to material change in the duties of the principal, where the prior contract of suretyship (the one sued on) did not provide for any interest."

It is observed that no error is assigned to the refusal of the court to make the so-called declarations of law requested by defendants. There was no motion for judgment nor for a declaration of law that defendants were entitled to judgment. The approval of the bill of exceptions is in the

532

following form: "The foregoing bill of exceptions is approved and allowed this July 18, 1934."

The court was not required to make special findings of fact in this law action, and hence a denial of request for such special findings was not error. As has been observed, no error is assigned to the refusal of the court to make the declarations of law requested, and we think they are not of such character as would entitle appellants to a review of the evidence because they do not embody a declaration that defendants were entitled to judgment. The general findings of the lower court cannot be reviewed because the certificate settling the bill of exceptions does not recite that it contains all the material evidence, nor does the bill of exceptions itself contain any recitals showing that it does contain all the evidence material to the issues sought to be reviewed. United States Mutual Acc. Ass'n v. Robinson (C. C. A. 8) 74 F. 10; Desha County v. Crocker First Nat. Bank (C. C. A. 8) 72 F.(2d) 359; Kendrick Coal, etc., Co. v. Commissioner (C. C. A. 8) 29 F.(2d) 559; Southern Surety Co. v. United States (C. C. A. 8) 23 F.(2d) 55, 58; Chicago Great Western R. Co. v. LeValley (C. C. A. 8) 233 F. 384; McCuing v. Bovay (C. C. A. 8) 60 F.(2d) 375.

In Southern Surety Co. v. United States, supra, we said: " * * * The findings of the court below raise the legal presumption that there was competent and relevant evidence in support of them, in the absence of a certificate by the trial judge that the bill of exceptions contains all the evidence, or all the evidence on the particular issues, the findings concerning which are questioned. * * *"

As there was no motion for judgment at the close of the evidence and no request for a binding declaration of law, the evidence cannot be reviewed on appeal. But, even if it could be said that the denial of the requested declarations of law was sufficient to entitle appellants to a review of the evidence, still it is again observed that there is no assignment of error based upon this ruling of the court, and, last of all, the certificate settling the bill does not recite that the bill contains all the evidence material to the issues sought to be presented. As the judgment is supported by the primary record, and we are powerless to review the evidence, it must be sustained. Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co. (C. C. A. 8) 68 F.(2d) 787; Nolan v. United States (C. C. A. 8) 75 F.(2d) 65.

In this connection, it should perhaps be observed that there seems to be a growing laxity in the matter of the allowance and certification of bills of exception. The statute, 28 USCA § 776, requires that the trial judge allow and sign the bill of exceptions. The settlement of a bill of exceptions is not a ministerial act, but a judicial act. Baldwin et al. v. Myers (C. C. A. 8) 75 F.(2d) 529, and cases there cited. The function of the bill of exceptions is to make that of record which is otherwise not of record, and its authenticity in this court is dependent entirely upon the certificate or order of the trial judge. It is essential that the record affirmatively show that this court has before it an accurate account of the evidence before the lower court hearing the issues of the case, together with the objections interposed, the rulings of the court thereon, and the exceptions, if any, thereto. While no particular form is insisted upon, we take this occasion to suggest that the trial judge's certificate should leave no doubt as to the accuracy, character, and content of the record certified, and should be in substantially the following form (Sec. 170, Simkins Fed. Pr.):

"I, the undersigned United States District Judge, who presided at the trial of the above entitled cause, do hereby certify that the foregoing bill of exceptions contains all of the material facts, matters, things, proceedings, objections, rulings, and exceptions thereto, occurring upon the trial of said cause and not heretofore a part of the record herein, including all evidence adduced at the trial (or all evidence material to the issues presented by the assignments of error); and I further certify that the exhibits set forth or referred to, or both, in the foregoing bill of exceptions, constitute all the exhibits offered in evidence at the said trial, and I hereby make all of said exhibits a part of the foregoing bill of exceptions; and I hereby settle and allow the foregoing bill of exceptions as a full, true, and correct bill of exceptions in this cause and order the same filed as part of the record herein, and further order the clerk of this court to attach to the said bill of exceptions, all of the said exhibits not set forth therein; and to transmit said entire bill of exceptions, including all exhibits whatsoever, to the Circuit Court of Appeals for the Eighth Circuit.

"I further certify that the foregoing bill of exceptions contains all local rules relating to the extension of the term for the purpose of presenting, settling, and filing a bill of exceptions, and all orders made by me extending the time for such presentation, settling, and filing, and that the foregoing bill of exceptions is presented, settled, and allowed within the time prescribed for that purpose.

"Dated this ——— day of ———, 19—.

"——————,

"United States District Judge."

The judgment appealed from is affirmed.