## CITY OF THOMSON v. LOUISVILLE & N. R. CO. et al.

No. 8205.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1936.

Benj. E. Pierce, of Augusta, Ga., and J. Quinn West, of Thomson, Ga., for appellant.

Bryan Cumming, of Augusta, Ga., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that plaintiffs brought suit to establish title and possession to a strip of land in the city of Thomson, Ga., adjoining the railroad depot, which the city claimed as a public street by limitation, use, and dedication. A verdict was directed in favor of appellees, except as to a strip 35 feet wide on the northern edge of the property in contest, which was actually in use as a street.

The record is made up of the pleadings, verdict, judgment entered thereon, an opinion of the court, and what is termed "brief of evidence," which purports to set out the testimony of certain witnesses. The statement of the evidence is not authenticated by the signature of the judge, as required by section 776, title 28 U.S.C.A. for a bill of exceptions, nor does it anywhere appear in the record that exception was taken to the action of the court in directing the verdict or that a bill was reserved to the ruling.

The only error assigned is to the direction of the verdict. The result is there is nothing before us by which the action of the court may be tested. The brief of evidence, unauthenticated, is not a substitute for a bill of exceptions, nor does the opinion of the court add anything. There is nothing that we can do but affirm the judgment. The following authorities support this conclusion: Malony v. Adsit, 175 U.S. 281, 20 S.Ct. 115, 44 L. Ed. 163; Metropolitan Railroad Co. v. MacFarland, 195 U.S. 322, 25 S.Ct. 28, 49 L.Ed. 219; Krauss Bros. Co. v. Mellon, 276 U.S. 386, 48 S.Ct. 358, 72 L. Ed. 620, and authorities cited therein; Texas Ranger Producing & Refining Co. v. Robinson (C.C.A.) 272 F. 453; Ford v. Grimmett (C.C.A.) 278 F. 140.

Affirmed.